UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | § | |
|---|---|---|
| EON CORP. IP HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 2:10-cv-00448 |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| SENSUS, USA, INC.; ARUBA NETWORKS, INC.; BROADSOFT, INC.; CLAVISTER AB; IP.ACCESS, INC.; JUNI AMERICA, INC.; CISCO SYSTEMS, INC.; MAVENIR SYSTEMS, INC.; MERU NETWORKS, INC.; SERCOMM CORPORATION; SONUS NETWORKS, INC.; SPRINT SPECTRUM, L.P.; ADVANCED METERING DATA SYSTEMS, LLC; STOKE, INC.; TATARA SYSTEMS, INC.; HTC AMERICA, INC.; PALM, INC.; UNITED STATES CELLULAR CORPORATION; CELLULAR SOUTH, INC.; NTELOS, INC.; MOTOROLA MOBILITY HOLDINGS, INC.; MOTOROLA SOLUTIONS, INC.; KINETO WIRELESS, INC.; and AIRVANA, INC., | § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**EON'S RESPONSE TO DEFENDANTS' CISCO SYSTEMS, INC.,
ARUBA NETWORKS, INC., BROADSOFT, INC., IP.ACCESS, INC.,
MERU NETWORKS, INC., STOKE, INC., TATARA SYSTEMS, INC., AND
KINETO WIRELESS, INC.'S JOINT MOTION TO TRANSFER VENUE TO
<u>THE NORTHERN DISTRICT OF CALIFORNIA</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| III. | SUMMARY OF ARGUMENT | 1 |
| IV. | STATEMENT OF FACTS | 2 |
| V. | CONTROLLING LAW AND STANDARDS | 4 |
| VI. | ARGUMENT | 5 |
| | A. This Suit Could Not Have Been Brought in The Northern District of California. | 5 |
| | B. Private Interest Factors | 6 |
| | C. Public Interest Factors | 10 |
| VII. | CONCLUSION | 11 |

## TABLE OF AUTHORITIES

**FEDERAL CASES**            Page(s)

*ColorQuick, L.L.C. v. Vistaprint Ltd.*,
   No. 6:09-cv-323, 2010 WL 5136050 (E.D. Tex. Jul. 22, 2010) ............................................5, 7

*Ei-Land Corp. v. Simpson Strong-Tie Co., Inc.*,
   Nos. 2:09-cv-337-CE, 2:09-cv-82-CE, 2010 WL 3859783 (E.D. Tex. Sept. 30, 2010) .......6, 11

*EON Corp. IP Holdings, Inc. v. T-Mobile USA, Inc.*,
   No. 6:10-cv-379 .................................................................................................................... 4

*Fractus, SA. v. Samsung Elecs. Co., LTD.*,
   No. 6:09-cv-203, 2010 WL 2773237 (E.D. Tex. June 10, 2010) ........................................ 6, 7

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................. 6

*In re Hoffman-La Roche*,
   587 F.3d ............................................................................................................................. 10

*In re Horseshoe Entm't*,
   337 F.3d 429 (5th Cir. 2003) ................................................................................................ 5

*In re Volkswagen AG*; *In re Volkswagen of Am., Inc.*
   371 F.3d 201 (5th Cir. 2004) ("*Volkswagen I*") ................................................................ 5, 8
   545 F.3d 304 (5th Cir. 2008) ("*Volkswagen II*") .................................................................. 4
   566 F.3d 1349 (Fed.Cir.2009) ("*Volkswagen III*") ........................................................... 4, 9

*Mondis Tech. Ltd. v. Top Victory Elecs. Co.*
   No. 2:08-CV-478, 2009 WL 3460276, at *2 ......................................................................... 9

*NovelPoint Learning LLC v. LeapFrog Enters., Inc.*,
   No. 6:10-cv-229 JDL, 2010 WL 5068146 (E.D. Tex. Dec. 6, 2010) ................................... 10

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
   119 F.3d 1559 (Fed.Cir.1997) .............................................................................................. 9

*Software Rights Archive v. Google*,
   No. 2:07-CV-511-CE, 2010 WL 2950351 (E.D. Tex. Jul. 22, 2010) .................................... 5

*Sonix Tech. Co., Ltd v. VTech Elecs. N. Am., LLC*,
   No. 6:10-CV-68, 2010 WL 5139502 (E.D. Tex. Dec. 9, 2010) ....................................... 7, 10

**FEDERAL STATUTES**

28 U.S.C. § 1404(a) ................................................................................................................ 4, 8

U.S.C. § 1400(b) ........................................................................................................................ 5

I.      **INTRODUCTION**

Plaintiff EON Corp. IP Holdings, LLC ("EON") properly initiated this lawsuit in the Eastern District of Texas and the moving defendants ("Defendants")[1] have failed to meet their heavy burden to show that the Northern District of California is "clearly more convenient." Accordingly, EON requests the Court deny the motion to transfer and allow discovery and claim construction to proceed in this forum.

II.     **NATURE AND STAGE OF THE PROCEEDINGS**

On October 22, 2010, EON filed its Original Complaint (Doc. No. 1) asserting claims against defendants for infringement of the '491 Patent. EON filed its Amended Complaint (Doc. No. 64) on January 11, 2011, naming additional defendants and including additional detailed infringement allegations. On February 14, 2011, certain Defendants requested this case be transferred to the Northern District of California. (Doc. No. 128.)

III.    **SUMMARY OF ARGUMENT**

Defendants have failed to demonstrate that the Northern District of California is a "clearly more convenient" venue for this litigation. In attempting to justify transfer to California, Defendants focus exclusively on the West Coast defendants, while failing to address the numerous defendants elsewhere in the country and around the globe and the convenient central location that the Eastern District of Texas provides for all parties. In addition, Defendants fail to account for EON's legitimate two-year presence in the Eastern District of Texas and the potential judicial efficiency gains to be had by maintaining this suit in Marshall. With one exception, all the factors are either neutral or weigh against transfer. Accordingly, EON's choice of forum should be respected and the motion to transfer denied.

---

[1] This motion to transfer (Doc. No. 128) was filed by defendants Cisco Systems, Inc.; Aruba Networks, Inc.; BroadSoft, Inc.; IP.Access, Inc.; Meru Networks, Inc.; Stoke, Inc.; Tatara Systems, Inc.; and Kineto Wireless, Inc.

1

**IV.     STATEMENT OF FACTS**

On January 7, 1997, the United States Patent and Trademark Office duly and legally issued the '491 Patent, entitled "Wireless Modem," after full and fair examination. The patented invention is a system and method for communicating between a subscriber unit and a base station repeater cell in a two-way communication network. (Doc. No. 64 at ¶¶ 29-51.) More specifically, the '491 Patent relates to a method or network providing dual modes or communication paths for transmissions between subscriber units and a local base station repeater cell. ('491 Patent Abstract.) EON is the assignee through an exclusive license of all right, title and interest in and to the '491 Patent and possesses all rights of recovery under the '491 Patent, including the exclusive right to recover for infringement. (Doc. No. 64 at ¶ 28.) The '491 Patent is valid and enforceable.

EON initiated this action for patent infringement against multiple defendants on October 22, 2010. (Doc. No. 1.). The twenty-four defendants are located across the country and around the globe. Only six of the twenty-four defendants are based in the Northern District of California.[2] Another six defendants are located on the East Coast,[3] four defendants are located in the Midwest,[4] three defendants are based in Washington state,[5] EON and one defendant are

---

[2]  Defendants Aruba Networks, Inc., Cisco Systems, Inc., Meru Networks, Inc., Stoke, Inc., Palm, Inc., and Kineto Wireless, Inc. have their principal places of businesses in the Northern District of California. (Doc. No. 64 at ¶¶ 3, 8, 10, 15, 23).

[3]  Defendants Sonus Networks, Inc., Tatara Systems, Inc., Airvana, Inc., BroadSoft, Inc., nTelos, Inc., and Sensus, USA, Inc. each have their principal place of business on the East Coast, including Massachusetts, Maryland, Virginia, and North Carolina. (Doc. No. 64 at ¶¶ 2, 4, 12, 16, 21, 24).

[4]  Defendants U.S. Cellular, Corp., Motorola Mobility Holdings, Inc., Motorola Solutions, Inc., and Sprint Spectrum, LP have their principal places of business in the Midwest, including Illinois and Kansas. (Doc. No. 64 at ¶¶ 13, 19, 22).

[5]  Defendants HTC America, Inc., IP.Access, Inc., and Juni America, Inc. are located in Washington state. (Doc. No. 64 at ¶¶ 6, 7, 17).

located in Texas,[6] and two defendants are located in nearby Southern states.[7] In addition, there are two overseas defendants.[8]

EON Corp. IP Holdings, LLC established its principal place of business in Tyler, Texas in September 2008, more than two years prior to the initiation of this suit.[9] A number of relevant documents are kept at this location, as well as at the offices of EON Corp. IP Holdings' Austin attorneys.[10] EON's Corp. IP Holding's Managers Alfonso Barragán and Erick Haas live in Monterrey, Mexico.[11] However, both Mr. Barragán and Mr. Haas regularly conduct business in Austin, Texas, where an EON company is based and therefore travel to Texas frequently.[12] There are no non-stop flights from Monterrey to San Francisco, and travel time is at least six-and-a-half hours each way, about twice the travel time to Marshall, Texas. EON Corporation also has offices and employees at its Herndon, Virginia headquarters, and Gilbert Dinkins, former EON chief engineer and inventor of the '491 Patent, lives in Virginia[13]. In addition to the two overseas defendants in Europe and Asia, the parties, witnesses, and evidence in this case are widely distributed across the country. The Eastern District of Texas is a convenient central location for all of these parties.

---

[6] Plaintiff EON Corp. IP Holdings, LLC has its principal place of business in the Eastern District of Texas and Defendant Mavenir Systems, Inc. is based in Richardson, Texas. (Doc. No. 64 at ¶ 1, 9)

[7] Defendants Advanced Metering Data Systems, LLC and Cellular South, Inc. are located in Louisiana and Mississippi, respectively. (Doc. No. 64 at ¶ 14, 20).

[8] Defendant Clavister AB has its principal place of business in Sweden and Defendant SerComm Corp. is a Taiwanese company. (Doc. No. 64 at ¶¶ 5, 11).

[9] Barragán Decl. (Ex. A) at ¶ 4.

[10] *Id*.

[11] *Id.* at ¶¶ 2, 3, and 5.

[12] *Id.* at ¶ 5.

[13] *Id.* at ¶ 6.

EON is also currently litigating another case in this district involving the '491 Patent (*EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc.*, No. 6:10-cv-379), and a consolidated *Markman* hearing for both '491 cases is under consideration.

## V.     CONTROLLING LAW AND STANDARDS

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When requesting transfer, the movant must show good cause and demonstrate that the proposed venue is "clearly more convenient." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). If the movant fails to meet this burden, "the plaintiff's choice should be respected." *Id.*

In determining whether the proposed transferee district is "clearly more convenient," the Fifth and Federal Circuits have explained that a district court must balance two categories of interests: the private interests of the parties and the public interest in the administration of justice. *See id.*; *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*"). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

"Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular

circumstances of the case." *ColorQuick, L.L.C. v. Vistaprint Ltd.*, No. 6:09-cv-323, 2010 WL 5136050, at *3 (E.D. Tex. Jul. 22, 2010) report and recommendation adopted, 2010 WL 5136050 (E.D. Tex. Jul. 22, 2010) (citation omitted).

## VI. ARGUMENT

The private and public interest factors discussed in detail below illustrate that, on balance, Defendants have failed to meet their burden to show that the Northern District of California is a "clearly more convenient" forum for this matter. The relevant factors weigh either against transfer or are neutral; indeed, only one factor even potentially favors transfer.

### A. This Suit Could Not Have Been Brought in The Northern District of California.

The threshold question for any motion to transfer is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Here, as in all matters of patent infringement, venue is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28. U.S.C. § 1400(b).

Each of the defendants has committed nationwide acts of infringement and offers for sale, sells, imports, advertises (including through the provision of interactive web pages) products or services, or uses or induces others to use services or products nationally that infringe the '491 Patent, or knowingly contributes to infringement of the asserted patent. EON does not dispute that venue under that analysis would have been proper had it chosen to file suit in the Northern District of California. *See Software Rights Archive, LLC v. Google, Inc.*, No. 2:07-CV-511-CE, 2010 WL 2950351, at *2 (E.D. Tex. Jul. 22, 2010) (holding that where a defendant is accused of nationwide acts of infringement, the Northern District of California would at least have specific

5

jurisdiction over that defendant). Since EON filed suit, however, defendant Cellular South contends that it is not subject to personal jurisdiction outside its service area comprised of Mississippi, parts of Tennessee, Florida, Alabama, and Georgia despite providing nationwide service. Thus, to the extent Cellular South is not subject to personal jurisdiction in the Northern District of California, this case could not have been brought there.

Moving forward in the analysis of the private and public interest factors is appropriate. Consideration of these factors below demonstrates that the moving Defendants have failed to meet their burden to show that the Northern District of California is a "clearly more convenient" venue.

### B. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof.

The first private interest factor, concerning the location and ease of access to evidence, is neutral in this matter. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).

This factor is neutral, however, where physical evidence is distributed across the country, including some evidence in the transferor forum. *See Ei-Land Corp. v. Simpson Strong-Tie Co.*, Nos. 2:09-cv-337-CE, 2:09-cv-82-CE, 2010 WL 3859783, at *4 (E.D. Tex. Sept. 30, 2010) (denying motion to transfer venue and finding this factor neutral where evidence was widely distributed and was located in both the transferor and transferee forums). For example, in *Fractus, SA. v. Samsung Elecs. Co.*, the court denied the motion to transfer and noted a number of factors weighing against transfer, including the fact that "[t]his district is also more convenient for accessing sources of proof held by [Texas defendants and] defendants in Canada, New York,

6

New Jersey, and Georgia." *Fractus, SA. v. Samsung Elecs. Co.,* No. 6:09-cv-203, 2010 WL 2773237, at *5 (E.D. Tex. June 10, 2010).

Here, the sources of evidence are not clustered only in the Northern District of California, notwithstanding Defendants attempt to focus solely on the six California-based defendants. (Doc. No. 128 at 9-10). EON maintains relevant documents in its Tyler, Texas office and the twenty-four defendants in this action are located not just on the West Coast, but in the Midwest, South, and East Coast, as well as overseas. Thus, the evidence held by each defendant is widely distributed across the country, making the Eastern District of Texas a convenient central forum. Accordingly, this factor is neutral.

### 2. Ability of Compulsory Process to Secure the Attendance of Witnesses.

The second private interest factor addresses the availability of the compulsory process to secure the attendance of unwilling witnesses. This factor is neutral here or, at best, weighs only slightly in favor of transfer. First, where neither party has indicated that there will be any unwilling witnesses, this factor is entitled to little weight. *Sonix Tech. Co., v. VTech Elecs. N. Am., LLC*, No. 6:10-CV-68, 2010 WL 5139502, at *3 (E.D. Tex. Dec. 9, 2010) (finding this factor inapplicable where no unwilling witnesses were identified). In addition, where defendants only generically allude to potential third-party witnesses in the transferee venue, this factor will at best weigh only slightly in favor of transfer. *See ColorQuick*, 2010 WL 5136050, at *6 (E.D. Tex. Jul. 22, 2010), report and recommendation adopted, 2010 WL 5136050 (E.D. Tex. Jul 22, 2010) (finding that defendants' "vague allusions" to third party witnesses, which failed to specifically identify the witnesses "are insufficient for this factor to weigh significantly in favor of transfer.").

Here, defendants only vaguely list potential third party witnesses in the Northern District of California, including the patent prosecution attorney, manufacturers of chipsets included in

7

*some* of the accused products, and providers of "third party software that *may* be relevant to this case." (Doc. No. 128 at 11) (emphasis added). This speculative and generic list falls far short of supporting transfer. In addition, to the extent former EON employees who largely reside on the East Coast will be unwilling witnesses, they are not subject to compulsory process in the Northern District of California. Accordingly, this factor is neutral or at best weighs only slightly in favor of transfer.

### 3. Convenience of the Parties and Witnesses and Cost of Attendance for Willing Witnesses.

Given the distribution of parties and witnesses across the county and the globe, as well as EON's witnesses in Texas, the Eastern District of Texas is a convenient central forum for this matter. Thus, the third private interest factor weighs against transfer. The Fifth Circuit has established a "100-mile" threshold and explained that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05.

Again, Defendants focus their argument entirely on the California and Washington state defendants, while neglecting the fourteen other defendants located in all regions of the U.S., as well as Europe and Asia. (Doc. No. 128 at 11-12). Yet, with the exception of Taiwanese company SerComm, the Eastern District of Texas is clearly closer and more convenient for all of these remaining parties. Importantly, there are also two parties based in or near the Eastern District of Texas – EON, as well as defendant Mavenir Systems, Inc., located in Richardson, Texas. A number of EON's witnesses also reside in Texas, including former EON reexamination counsel of record (for related U.S. Patents 5,388,101 and 5,481,546) Chris Rourk in Dallas and potential witnesses in San Antonio (e.g., Bill McMinn, former EON Vice

8

President) and Brownsville (e.g., Fernando Morales, founder and first CEO of EON, formerly TV Answer). Key EON witnesses regularly conduct business in Texas, including EON Corp. IP Holdings, LLC Managers Alfonso Barragán and Erick Haas. For Mr. Barragán and Mr. Haas, the difference in travel time between the Eastern District of Texas and San Francisco is substantial. Lastly, for the hundreds of former EON Corporation employees, many of which reside on the East Coast, particularly in and around Virginia, the Eastern District of Texas is closer and more convenient than traveling across the country to northern California. As such, this factor weighs against transfer.

### 4. Other Practical Problems Weigh Against Transfer to The Northern District of California.

Lastly, practical problems, including issues of judicial economy, weigh against transfer to the Northern District of California because EON has a related lawsuit, concerning the same patent-in-suit, in the Eastern District of Texas. As the Federal Circuit cautioned, "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *Volkswagen III*, 566 F.3d at 1351. Even where "these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources." *Id.*

Indeed, the Federal Circuit has also made clear that "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed.Cir.1997) (citations omitted). For example, in *Mondis Technology. Ltd. v. Top Victory Elecs. Co.*, this Court determined that the opportunity for a consolidated *Markman* hearing weighed heavily against transfer. No. 2:08-CV-478, 2009 WL 3460276, at *5 (E.D. Tex. Oct. 23, 2009).

9

Although Defendants seek to minimize the import of EON's related Eastern District of Texas litigation, (Doc. No. 128 at 13-14), there are significant advantages to maintaining this case here including harmonized claim constructions from application of the same precedent in cases involving the '491 Patent. Moreover, this Court has held two *Markman* hearings in connection with suits involving U.S. Patents Nos. 5,388,101 and 5,481,546, parents of the '491 Patent, which is a continuation-in-part. Many of the terms already considered by the Court in those cases appear in the claims of the '491 Patent.

### C. <u>Public Interest Factors</u>

#### 1. Administrative Difficulties Caused by Court Congestion.

Any difference in median time to trial between the Eastern District of Texas and the Northern District of California is so trivial as to render this first public interest factor neutral. Where the time intervals to disposition of a case in the two forums are "negligibly different," this factor is neutral. *Sonix Tech.* 2010 WL 5139502, at *3.

As Defendants note, the most recent Federal Judicial Caseload Statistics report that the median time to trial is 24.2 months in the Northern District of California and 25.8 months in the Eastern District of Texas – a difference of under 2 months. (Doc. No. 128 at 14). Accordingly, this factor is neutral.

#### 2. Local Interest in Adjudicating Local Disputes.

EON's presence in this venue is neither recent nor ephemeral and thus, there is a local interest in conducting this trial in the Eastern District of Texas. "When a party has its principal place of business in a given district, that district has a local interest in the adjudication of the case." *ColorQuick*, 2010 WL 5136050, at *6; *see also NovelPoint Learning LLC v. LeapFrog Enters.,* No. 6:10-cv-229 JDL, 2010 WL 5068146, at *4-5 (E.D. Tex. Dec. 6, 2010) (holding that

plaintiff's presence in the Eastern District of Texas was neither "recent" nor "ephemeral" where four months elapsed between incorporation and filing suit).

EON incorporated in Tyler, Texas over two years prior to the start of this suit and holds regular meetings at its Tyler office. Given the length of time between locating in this venue and filing the present suit, and the legitimate business EON conducts at its Tyler office, a local interest militates in keeping the present matter in the Eastern District of Texas.

### 3. Familiarity of the Forum with Governing Law

The third public interest factor concerns the familiarity of each forum with the governing law. Defendants concede, (Doc. No. 128 at 15), and EON agrees, that this factor is neutral here where both the Eastern District of Texas and the Northern District of California "are equally capable of applying patent law to infringement claims." *Ei-Land Corp.*, 2010 WL 3859783, at *6.

### 4. Avoidance of Unnecessary Problems of Conflict of Law

The final public interest factor regarding conflicts of law is inapplicable here, where federal patent law will apply to EON's infringement claims. Thus, EON agrees that this factor is neutral in the analysis.

## VII. CONCLUSION

Plaintiff EON Corp. IP Holdings, LLC, respectfully requests that the Court deny Defendants' Motion because the private interest factors weigh in favor of venue in the Eastern District of Texas (convenience of the parties as a whole and identified witnesses), the public interest factors also weigh in favor of EON's chosen venue (where EON maintains an office, holds meetings, and stores relevant information), and because this Court has heard cases involving related patents, construed common claim terms, and will hear other cases involving the patent-in-suit.

Dated: March 3, 2011                          Respectfully submitted,

*/s/ Cabrach J. Connor*
Daniel Scardino
Texas State Bar No. 24033165
email:dscardino@reedscardino.com
Jeffery R. Johnson
Texas State Bar No. 24048572
email:jjohnson@reedscardino.com
Cabrach J. Connor
Texas State Bar No. 24036390
email: cconnor@reedscardino.com
REED & SCARDINO LLP
301 Congress Avenue, Suite 1250
Austin, Texas 78701
[Tel.] (512) 474-2449
[Fax] (512) 474-2622

**ATTORNEYS FOR PLAINTIFF**
**EON CORP. IP HOLDINGS, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2011, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case files system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means, all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail today, March 3, 2011.

                                                   */s/ Cabrach J. Connor*
                                                   Cabrach J. Connor