United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EON CORP. IP HOLDINGS, LLC,

Plaintiff,

v.

SENSUS USA, INC., *et al.*,

Defendants.
___________________________________/

No. C-12-1011 EMC

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS**

**(Docket Nos. 477, 479, 490, 491)**

Pending before the Court are multiple Defendants' motions to dismiss Plaintiff EON's Second Amended Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. This Court previously dismissed Plaintiff's First Amended Complaint with leave to amend based on, *inter alia*, Plaintiff's failure to allege adequate facts to support claims for indirect and willful infringement. *See* Docket No. 446 (minute entry), 460 (transcript of hearing). Though they bring separate motions, Defendants essentially argue that Plaintiff's second amended complaint ("SAC"), Docket No. 456, continues to fall short of the standards for adequate pleading.

In a hearing on September 28, 2012, all parties were represented by counsel and had the opportunity to give argument on the pending motions. For the reasons stated on the record, the Court **GRANTED IN PART** and **DENIED IN PART** Defendants' motions to dismiss. As a brief summary, the Court denied the motions as to Plaintiff's claims for indirect infringement under theories of contributory or induced infringement. Though the claims for indirect infringement both require knowledge of the patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this requirement. *In re Bill of Lading Transmission and Processing System Patent*

*Litigation*, 681 F.3d 1323, 1345 (Fed. Cir. 2012). Plaintiff has sufficiently alleged knowledge under this standard. *See, e.g.*, SAC ¶ 75. Similarly, Plaintiff has sufficiently alleged lack of substantial non-infringing use as required to show contributory infringement, and intent to induce as required to show induced infringement. *See, e.g.*, SAC ¶ ¶ 73-75, 147-48.

The Court granted Defendants' motions to dismiss Plaintiff's claim for willful infringement. Unlike with indirect infringement, allegations of post-filing knowledge are generally insufficient to make out a case for willful infringement. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007). Plaintiff concedes that the SAC only alleges that Defendants had knowledge as of the date of the original Complaint's filing or service. Opp., Docket No. 517, at 3; *see e.g.* SAC ¶ 75. The Federal Circuit has noted that post-filing knowledge may be sufficient to support a claim of willful infringement where a defendant violates a preliminary injunction secured by the plaintiff. *Seagate*, 497 F.3d at 1374. It held, however, that a "patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *Id.* Plaintiff has sought no such injunction here.

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss Plaintiff's willful infringement claims without prejudice and **DENIES** Defendants' motions to dismiss on all other grounds.

This order disposes of Docket Nos. 477, 479, 490, and 491.

IT IS SO ORDERED.

Dated: October 1, 2012

EDWARD M. CHEN
United States District Judge