UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EON CORP IP HOLDINGS LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>ARUBA NETWORKS INC, et al.,<br><br>   Defendants. | Case No.  12-cv-01011-JST<br><br>**ORDER REQUIRING DEFENDANTS TO RE-FILE ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 644. |

Before the Court is an Administrative Motion by Defendants Motorola Solutions, Inc. and Motorola Mobility LLC to file under seal their Responsive Claims Construction Brief and exhibits to the declaration in support of that brief.  Dkt. No. 644.  Defendants are ordered to re-file.

Defendants' filings do not state which entity or entity has designated the purportedly sealable material to be confidential.  Dkt. No. 644.  The Court requires this information in order to properly dispose of the Motion under Rule 79-5 of the civil local rules.  Defendants shall re-file their Motion, stating clearly who has declared the information to be confidential.  If another party has designated the information to be confidential, Defendants shall provide proof that they have informed the designating party of the specific information Defendants seek to reference.  If Defendants have themselves declared the information confidential, they are advised to revise their declaration in order to establish that good cause exists for confidentiality.

When a party moves to reference documents under seal that have been designated confidential by another party, the designating party must submit a declaration establishing that the document is sealable.  Civil Local Rule 79-5(d).  "If the designating party does not file its responsive declaration . . . , the document or proposed filing will be made part of the public record."  Id.  In this case, neither the Motion nor the Proposed Order identifies which materials

1   Defendants seek to reference. Dkt. No. 644. Defendants filed their declaration in support of the
2   Motion under seal. No. 644, Attachment No. 1. They have not provided a Notice of Service
3   demonstrating that they provided the declaration in support of the Motion, the unredacted version
4   of the Responsive Claims Construction Brief, and the unredacted version of the declaration in
5   support of the Responsive Claims Construction Brief, to any other party. If a party other than
6   Defendants designated the material to be confidential, it appears that that party may not have had
7   an opportunity to file a declaration in support of continued confidentiality. This opportunity must
8   be provided before the Court can act on the Motion.

9   If Defendants are the designating party, the declaration they have filed in support of the
10  request to file under seal is insufficient. Because the public interest favors filing all court
11  documents in the public record, any party seeking to file a document under seal must demonstrate
12  good cause to do so. Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010). This
13  cannot be established simply by showing that the document is subject to a protective order or by
14  stating in general terms that the material is considered to be confidential, but rather must be
15  supported by a sworn declaration demonstrating with particularity that the information is
16  "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil
17  Local Rule 79-5(a).

18  Finally, the Motion and Proposed Order both state that Defendants are moving to "file
19  under seal Defendants' Responsive Claim Construction Brief." The Court presumes that
20  Defendants request only to redact portions of the brief, pursuant to Local Rule 79-5(c), rather than
21  to file an entire brief under seal pursuant to Local Rule 79-5(b), but Defendants should take this
22  opportunity to clarify.

23  The Court orders Defendants to re-file, within five days of this order, a new Motion and, if
24  necessary, a new declaration in support of that Motion. If Defendants do not intend to alter the
25  / / /
26  / / /
27  / / /
28  / / /

contents of their proposed Responsive Claim Construction Brief, and their declaration in support of that brief, then there is no need to submit additional copies of those documents.

**IT IS SO ORDERED**.

Dated: February 28, 2013

_____
Jon S. Tigar
United States District Judge