UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EON CORP IP HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ARUBA NETWORKS INC, et al.,<br><br>Defendants. | Case No. 3:12-cv-01011<br><br>**TENTATIVE ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 656 & 658. |

Defendants move to file under seal portions of their Responsive Claims Construction Brief, as well as exhibits 9 and 17 to the Declaration of Jessica L. Hannah in support of that brief. Dkt. No. 656. Plaintiffs have filed a declaration to establish that portions of the brief, and one of the exhibits, are sealable. Dkt. No. 658. The Court issues this tentative order explaining why it expects to deny the motion. If Plaintiff does not file a new declaration in support of sealing within five days, the Court will issue a final order denying the motion.

**I.    LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) establishes that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only

1   of sealable material." Civil L.R. 79-5(a). "A stipulation, or a blanket protective order that allows
2   a party to designate documents as sealable, will not suffice to allow the filing of documents under
3   seal." Id. Additional requirements apply depending on whether the party seeks to seal an entire
4   document, only portions of a document, or a document that was designated as confidential by
5   another party. See Civil L.R. 79-5(b)-(d).

6   With respect to the second prong, the showing required for overcoming the strong
7   presumption of access depends on the type of motion to which the document is attached. When a
8   party seeks to file materials in connection with a dispositive motion, the presumption can be
9   overcome only if the party presents "compelling reasons supported by specific factual findings
10  that outweigh the general history of access and the public policies favoring disclosure."
11  Kamakana, 447 F.3d 1172 at 1178-79 (internal citation omitted). "The mere fact that the
12  production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
13  litigation will not, without more, compel the court to seal its records." Id. at 1179.

14  On the other hand, when a party seeks to file previously sealed discovery materials in
15  connection with a non-dispositive motion, the sealing party need not meet the 'compelling
16  reasons' standard "because those documents are often unrelated, or only tangentially related, to the
17  underlying cause of action." Id. at 1179 (citation and internal quotation marks omitted). In that
18  case, a party need only make a "particularized showing under the good cause standard of Rule
19  26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation
20  marks omitted). A court may, for good cause, keep documents confidential "to protect a party or
21  person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P.
22  26(c).

23  A district court must "articulate [the] . . . reasoning or findings underlying its decision to
24  seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S. Ct.
25  2374 (U.S. 2012).

26  / / /
27  / / /
28  / / /

## II. DISCUSSION

Plaintiff's declaration concedes that exhibit 17 to Defendants' Responsive Claims Construction brief is not sealable. Therefore, the Court will deny the Motion to Seal as it applies to exhibit 17 and to any redacted portions of the responsive claim construction brief which make reference to it.

As for Exhibit 9, and references thereto, Plaintiff's declaration states only that the exhibit "is confidential because it contains EON's infringement theories based on wireless communication standards that are not solely applicable to the Defendants in this case." Dkt. No. 658, ¶ 5. The declaration states that, "if disclosed to the public, third parties could potentially use the [document] as a basis for bringing a declaratory judgment action against EON." Id.

This short statement does not satisfy the requirements of Civil Local Rule 79-5. The fact that the information may expose Plaintiff to litigation risk does not mean that the information is "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(a). Therefore, the Court expects to deny the motion to seal.

When a court denies a motion to file under seal, the submitting party may then enter the document into the public record within four days. Civil L.R. 79-5(d). Because the submitting party in this case is not the party claiming confidentiality, the Court will refrain from issuing a final order in order to provide Plaintiff with an additional opportunity to file a declaration that establishes grounds for sealing.

Since the Court anticipates that Plaintiff may file such a declaration, the Court also addresses the second prong of sealing analysis for the benefit of the parties. Plaintiff's declaration assumes that the 'good cause' standard applies to this sealing request. Dkt. No. 658, ¶ 5. As set forth below, however, the Court believes that the "compelling reasons" standard is the more appropriate here.

The Ninth Circuit has not specifically addressed the question of whether the "good cause" or "compelling reasons" standard applies to material attached to a claim construction brief. Some

3

courts in this District have applied the "compelling reasons" standard to sealing requests concerning any motions that "cannot fairly be characterized as 'unrelated, or only tangentially related, to the underlying cause of action.'" See, e.g., Apple, Inc. v. Samsung Electronics Co., 2012 WL 2936432, at *2 (N.D. Cal. July 18, 2012) (applying "compelling reasons" standard to a sealing request because the preliminary injunction motion to which it related "implicate[s] the very core of Apple's claims and Apple's desired relief in bringing suit against Samsung"); Fujitsu Ltd. v. Belkin Int'l, Inc., 2012 WL 6019754, at *6-7 (N.D. Cal. Dec. 3, 2012) (applying a 'compelling reasons' standard to pretrial motions related to the merits of the case).

Claims construction might be considered a "dispositive" action because it is certainly "a deciding factor . . . bringing about a final determination" in the case. Black's Law Dictionary (9th ed. 2009) at 540, col. 1. More importantly, the Kamakana court seemed to be primarily interested in whether the motion went to the merits of the case rather than whether it met the dictionary definition of 'dispositive.' The court stated that the rationale for applying the 'good cause' standard to a sealing request is that public policy does not favor "the application of a strong presumption of access to sealed records[] not directly relevant to the merits of the case." Kamakana, 447 F.3d at 1180. Because the motion at issue here is directly relevant to the merits of Plaintiffs' claims, the rationale for applying the 'good cause' standard to the sealing request seems inapposite.

Therefore, it seems likely that a "compelling reasons" standard, rather than "good cause" standard, should apply to the sealing of documents attached to a claims construction brief. As the Kamakana court stated, exposure to litigation risk does not, without more, establish a "compelling reason" for sealing court records. Id. at 1179 ("[t]he mere fact that the production of records may lead to a litigant's . . . exposure to further litigation will not, without more, compel the court to seal its records").

4

### III. CONCLUSION

If the Court does not receive a new declaration from Plaintiff in support of sealing within five days, it will issue a final order denying the motion to seal. To support sealing, the declaration must satisfy both prongs of this district's sealing analysis. If Plaintiff believes that the 'good cause' standard should apply to this request, it should explain why. If it does not, it must demonstrate that there are compelling reasons which outweigh the strong presumption of public access to court records.

Furthermore, the parties are hereby ordered to meet and confer before filing any additional motions to seal in this case. Only information which absolutely must be submitted to the Court, and which absolutely must be kept confidential, should be the subject of a motion to seal.

**IT IS SO ORDERED**.

Dated: March 16, 2013

_____
Jon S. Tigar
United States District Judge