1

2 Robert A. Gutkin (Cal. Bar No. 119781)
ANDREWS KURTH LLP
3 1350 I Street, NW
Suite 1100
4 Washington, DC 20005
Telephone: (202) 662-2700
5 Facsimile: (202) 974-9536
robertgutkin@andrewskurth.com

6 Attorneys For Defendant
SerComm Corporation

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12 | EON CORP. IP HOLDINGS, LLC,

13 |          Plaintiff,

14 |     v.

15 | SENSUS USA, INC., ET AL.,

16 |          Defendants.

| Case No. 3:12-cv-01011-JST (EDL)

**SERCOMM'S NOTICE OF MOTION AND MOTION TO:**

**1)  COMPEL INFRINGEMENT CONTENTIONS THAT COMPLY WITH PATENT L.R. 3-1; AND,**

**2)  FOR A PROTECTIVE ORDER TO STAY OR LIMIT CERTAIN DISCOVERY**

Hearing Date:  April 30, 2013
Time: 9:30 A.M.
Courtroom: E, 15th Floor

Discovery Matters Referred to United States
Magistrate Judge Elizabeth D. Laporte

17

18

19

20

21

22

23

24

25

26

27

28

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................... 1

I.      ISSUES PRESENTED ........................................................................... 1

II.     RELIEF REQUESTED........................................................................... 3

I.      INTRODUCTION ................................................................................. 4

II.     RELEVANT FACTS ............................................................................. 5

      A.    SerComm ..................................................................................... 5

      B.    Eon ............................................................................................. 5

      C.    The '491 Patent ......................................................................... 5

      D.    The Accused SerComm Products ............................................. 6

      E.    Eon's Infringement Contentions ............................................... 7

      F.    Eon's Discovery Requests ........................................................ 8

III.    ARGUMENT ....................................................................................... 9

      A.    EON'S INFRINGEMENT CONTENTIONS DO NOT COMPLY WITH PATENT LOCAL RULE 3-1 REQUIREMENTS.............................. 9

            1.    Contributory Infringement................................................ 10

            2.    Induced Infringement........................................................ 10

            3.    Patent Local Rule 3-1 ....................................................... 11

      B.    SERCOMM WAS UNAWARE OF THE '491 PATENT PRIOR TO THIS LAWSUIT, AND THEREFORE EON'S DEFINTION OF "ACCUSED COMPONENTS" TO INCLUDE PRODUCTS THAT PRECEDE THE FILING OF THE ACTION BY SIX YEARS IS IMPROPER ....................................................................... 14

      C.    EON'S REQUESTS FOR DOCUMENTS AND INFORMATION ABOUT SERCOMM PRODUCTS SHOULD BE STAYED....................................................................................... 16

IV.    CONCLUSION................................................................................... 17

i

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

# TABLE OF AUTHORITIES

Page(s)

CASES

*Bascom Research LLC v. Facebook, Inc.*,
   No. C 12-6293 SI (N.D. Cal. Mar. 12, 2013) (Attached to the Gutkin Decl. at Exhibit
   M)..................................................................................................................................2, 15

*Bender v. Freescale Semiconductor, Inc.*,
   No. C 09-1156 PHJ (MEJ), 2010 WL 1689465 (N.D. Cal., Apr. 26, 2010) .....................12, 16

*Bender v. Maxim Integrated Prods., Inc.*,
   No. 09-01152, 2010 U.S. Dist. LEXIS 32115, 2010 WL 1135762 (N.D. Cal. Mar. 22,
   2010) ...............................................................................................................................13

*Cal. Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Servs., Inc.*,
   No. 4:10-CV-05067 CW, 2011 U.S. Dist. LEXIS 154627 (N.D. Cal. Sept. 1, 2011)............13

*Creagri, Inc. v. Pinnaclife Inc.*,
   LLC, No. 11-cv-06635-LHK-PSG, 2012 U.S. Dist. LEXIS 158540 (N.D. Cal. Nov. 2,
   2012) ...............................................................................................................................12

*Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*,
   424 F.3d 1293 (Fed. Cir. 2005)...........................................................................................10

*DR Sys., Inc. v. Avreo, Inc.*,
   No. 11-CV-0932 BEN (WVG), 2012 WL 1068995 (S.D. Cal. Mar. 29, 2012) .....................14

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)......................................................................................10, 14

*Fujitsu Ltd. v. Belkin Int'l, Inc.*,
   Case No.: 10-CV-03972-LHK, 2012 U.S. Dist. LEXIS 142102 (N.D. Cal., Sept. 28,
   2012) ...............................................................................................................................13

*Fujitsu Ltd. v. NETGEAR Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010)...........................................................................................10

*Global–Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011)...................................................................................................14, 15

*HSM Portfolio LLC v. Fujitsu Ltd.*,
   No. 11-770, 2012 WL 2580547 (D. Del. July 3, 2012) .........................................................14

*Implicit Networks, Inc. v. Hewlett-Packard Co.*,
   No. 10-3746 SI, 2011 WL 3954809 (N.D. Cal. Sept. 7, 2011) ..............................................17

ii
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d. 1323 (Fed. Cir. 2012)..................................................................................2, 10

*Intertrust Techs. Corp. v. Microsoft Corp.*,
    No. C 01-1640, 2003 U.S. Dist. LEXIS 22736 (N.D. Cal. Nov. 26, 2003)................11, 12, 16

*Kelora Sys., LLC v. Target Corp.*,
    No. C 11-01548 CW (LB), 2011 WL 5444419 (N.D. Cal., 2011) ..........................................12

*Network Coaching Tech., LLC v. Novell, Inc.*,
    No. C-01-2079-VRW, 2002 U.S. Dist. LEXIS 26098, 2002 WL 32126128 (N.D.
    Aug. 13, 2002) .......................................................................................................................17

*Oracle America v. Google Inc.*,
    No. C 10-03561 WHA, 2011 WL 4479305 (N.D. Cal. Sep. 26, 2011)....................................11

*Renesas Tech. Corp. v. Nanya Tech. Corp.*,
    Case No. C 03-05709 JF (HRL), 2004 U.S. Dist. LEXIS 23601 (N.D. Cal. Nov. 10,
    2004) ......................................................................................................................................12

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008)............................................................................................10

*Shared Memory Graphics LLC v. Apple Inc.*,
    812 F. Supp. 2d 1022 (N.D. Cal. Dec. 30, 2010).................................................................12

*Shared Memory Graphics, LLC v. Apple, Inc.*,
    No. 10-2475 MMC (JSC), 2011 WL 3878388 (N.D. Cal. Sept. 2, 2011) ..............................17

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009).............................................................................................10

**STATUTES**

35 U.S.C. § 271(b) ..........................................................................................................10, 14, 15

35 U.S.C. § 271(c) ........................................................................................................................14

**OTHER AUTHORITIES**

Civ. L.R. 37-1 .................................................................................................................................1

Patent L.R. 3-1 ...................................................................................................................... passim

Patent L.R. 3-1(b), (c) and (d)......................................................................................................11

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 30, 2013 at 9:30 A.M., or as soon thereafter as this matter may be heard before the Court, located at 450 Golden Gate Ave., San Francisco, CA 94120, Courtroom E, 15th Floor, pursuant to Civil L.R. 37, Patent L.R. 3-1, the reference of all discovery matters to Magistrate Judge Elizabeth D. Laporte (Docket No. 659-1), and Magistrate Judge Laporte's Order Re: Discovery Procedures (Docket No. 573), Defendant SerComm Corporation ("SerComm") moves the Court for the following relief:

    1)    An Order compelling Plaintiff Eon Corp. IP Holdings, LLC ("Eon") to provide infringement contentions that comply with Patent L.R. 3-1; and,

    2)    A Protective Order to stay or limit certain discovery.

Pursuant to Civ. L.R. 37-1 the parties have conferred regarding the present dispute and are unable to resolve their differences.[1]

This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Robert A. Gutkin, and any such argument and evidence that may be presented at any hearing concerning this matter.

**I.   ISSUES PRESENTED**

This Motion addresses the following issues:

    1)    Eon has not provided infringement contentions/disclosures that comply with Patent L.R. 3-1. The boilerplate statements in Eon's infringement contentions fail to show where in each accused product, each element of each asserted claim can be found. Moreover, Eon fails

---

[1] A statement of the parties meet and confer efforts, as required by Magistrate Judge Laporte's Order Re: Discovery Procedures, is set forth in the concurrently filed Declaration of Robert A. Gutkin in Support of Motion ("Gutkin Decl").

1
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

to satisfy the requirements for disclosing indirect infringement for each accused product.  Until

Eon provides the required disclosures, SerComm should not be forced to locate and produce

documents about products that have not been properly addressed by Eon, or in some cases not

even mentioned in Eon's Patent L.R. 3-1 infringement contentions.

      2)      Eon's Third Set of Requests for Production to SerComm, defines "Accused

Components" to include SerComm products sold since 2004, and thus demands that SerComm

produce documents for SerComm products sold since 2004. [2]  Yet, SerComm is only accused of

indirect infringement, both contributory and induced infringement.  It is black letter law for

indirect infringement that the accused infringer must at least be aware of the patent at issue, even

ignoring the other requirements such as that the defendant specifically intended their customers

to infringe the patent; and, that the defendant knew that the customer's acts constituted

infringement.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d.

1323, 1339 (Fed. Cir. 2012); *see also Bascom Research LLC v. Facebook, Inc.*, No. C 12-6293

SI; Related Cases C 12-6294 SI; C 12-6297 SI (N.D. Cal. Mar. 12, 2013) at Docket No. 71, page

6 (In cases where knowledge of the patent is established through filing of the complaint "the

claim for induced infringement is limited to post-filing conduct.")

      In the present case, SerComm has stated in response to Eon's discovery that SerComm

had no awareness of U.S. Patent No. 5,592,491 (the "'491 Patent") until this lawsuit, which was

filed in 2010. Gutkin Decl., Exhibit "K".  SerComm should not be required to locate and produce

documents that precede SerComm's awareness of the '491 Patent by six years.  The Requests

drafted by Eon that seek documents and information for SerComm products sold as early as 2004

---

[2] Attached to the Gutkin Declaration as Exhibits "A" and "B" are true and correct copies of
Eon's Third Set of Requests for Production to SerComm and SerComm's Response.

2

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

are unnecessarily burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence.

## II.  RELIEF REQUESTED

SerComm respectfully requests that this Court enter an Order that limits Eon's discovery as follows:

1)  An Order that Eon comply with Patent L.R. 3-1, and staying any discovery to SerComm concerning accused products that have not been properly addressed by Eon in its infringement contentions, including:

AD1006 11N Wireless ADSL Gateway;

Cable RG Cable Residential Gateway;

FR1088BR Triple-Play Residential Gateway;

IP1006GR 11N Wireless Gigabit Gaming Router;

IP1006RRv2 11N Wireless BroadBand Router;

IP1006SR150N Wireless BroadBand Router;

AP101nA 11N Wireless Access Point; and,

IP1016GRv2 Modem[3]; and,

2)  A Protective Order limiting Eon's definition of "Accused Components" in its Third Set of Requests for Production to products sold in the U.S. after the filing date of the present action.

---

[3] As discussed below, most of these accused "products" were not offered for sale at all, or were not sold in the US.

3

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

SerComm seeks relief from Eon's abuse of the discovery process.  In its most recent discovery, Eon's Third Set of Requests for Production to SerComm, Eon seeks documents and information concerning SerComm products that have not been properly addressed in Eon's Patent Local Rule 3-1 infringement contentions.  Eon has not provided the level of required specificity in its infringement contentions by identifying where **each** element of **each** asserted claim can be found in **each** accused product.  Patent L.R. 3-1(c).  Instead of specificity, Eon relies upon generalized references to a "Typical Two-Way Communications Network" to attempt to satisfy its disclosure requirements.  Such generalized references do not come close to satisfying the specific disclosure requirements of the Patent Local Rules for Rule 3-1(c) and (d).  Yet, in numerous document requests, Eon seeks discovery about broad categories of SerComm products that are not specifically addressed in infringement contentions, or in some cases even mentioned in the contentions.

Eon accuses SerComm of indirect infringement, but fails to explain how SerComm has induced infringement and is subject to contributory infringement.  In order to be subject to claims for indirect infringement, an accused infringer must at a minimum be aware of the patent at issue, in addition to the other requirements.  SerComm has clearly stated in discovery responses that it was unaware of the '491 Patent prior to the filing of the present action in 2010.  Yet, Eon demands documents that precede the filing of the present action by 6 years and go back

4
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

to the date the patent issued in 2004.  EON's overreaching document demands are contrary to well settled law since only indirect infringement is alleged.[4]

## II.   RELEVANT FACTS

### A.   SerComm

As set forth on SerComm's Webpage:

Sercomm Corporation is a worldwide leading manufacturer of broadband and wireless networking equipments. Founded in 1992, Sercomm has been focusing on developing embedded solutions to make networking simple and affordable. With fully integrated engineering capability and state-of-the-art manufacturing facility, Sercomm has been able to provide the best time-to-market solutions to the customers, and managed to grow exponentially in the past decade.

Gutkin Decl., Exhibit "L".

SerComm is based in Taiwan and makes products for Broadband Access, Home Connectivity, Networking Appliances, IP Surveillance & Home Security and IP Communication. SerComm's products include modems, routers, gateways, IP Cameras and video servers.

### B.   Eon

According to the allegations in the Second Amended Complaint, Eon is a Texas limited liability company with its principal place of business in Tyler, Texas.  Second Amended Complaint ¶ 1. Eon states that it owns the '491 Patent.  Second Amended Complaint ¶ 21.  Eon is a non-practicing entity or "NPE".

### C.   The '491 Patent

The '491 Patent concerns "A system and method for communicating between local subscriber units and a local base station repeater cell in a two way communication interactive video network". '491 Patent Abstract.  According to the '491 Patent Disclosure of the Invention:

---

[4] Eon's abuse of the discovery process continues with its refusal to acknowledge that staple articles of commerce (modems, routers and access points) that have substantial non-infringing uses, cannot be subject to claims of contributory infringement.

5
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)
WAS:193116.2

"It is therefore an object of the present invention to provide a system to enable communications between a subscriber unit and a local base station repeater cell in areas where such communication has previously been impaired, which does not require the addition of numerous costly local station repeater cells, which is not dependent on the physical location of the subscriber unit, and which does not significantly increase the cost of communication within the inter- active two-way broadcast data service network."

### D.      The Accused SerComm Products

In Exhibit F to its Patent L.R. 3-1 Disclosures, Eon identifies the following SerComm products as indirectly infringing the '491 Patent:

(1)      AD1006 11N Wireless ADSL Gateway

(2)       Cable RG Cable Residential Gateway

(3)      *FR1088BR Triple-Play Residential Gateway*

(4)      *IP1006GR 11N Wireless Gigabit Gaming Router*

(5)      IP1006RRv2 11N Wireless BroadBand Router

(6)      *IP1006SR150N Wireless BroadBand Router*

(7)      *AP101nA 11N Wireless Access Point*

(8)      *IP1016GRv2 Modem*

Gutkin Decl., Exhibit "H". [5]

While SerComm has provided discovery responses and documents for those accused femtocell products sold in the US, the above eight accused products are not femtocell products.

---

[5] Attached to the Gutkin Declaration as Exhibits "H" and "I" are true and correct copies of Eon's Amended Patent Local Rule 3-1 and 3-2 Disclosures and their referenced Exhibits F and P thereto.

6
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

Moreover, the above accused "products" that are underlined and in italics, were never made as products or were not sold in the US.[6]  The above remaining three accused products, which are standard modems, routers and gateways, all have substantial non-infringing uses since they are made to connect devices such as tablets, laptops, desktop computers to the internet using a Wi-Fi connection.

### E.   Eon's Infringement Contentions

In its Amended Patent Disclosures, Eon lists the claims asserted against SerComm at p. 4, as well as non-specific allegations of indirect infringement at p. 8. Gutkin Decl., Exhibit "G". Eon's Exhibit F is titled "Sercomm Claim Chart for Infringement of US Patent No., 5,592,491", and purports to list the elements of the asserted patent claims, and where each element can be found in each accused product.  Gutkin Decl., Exhibit "H".  Exhibit P is titled "Chart of Typical Two-Way Communication Network of US Patent No. 5,592,491", and purports to show a number of exemplary networks which are alleged to satisfy certain elements of each asserted claim.  Gutkin Decl., Exhibit "I".

Eon's infringement contentions fail to: 1) compare each accused SerComm product on an element by element basis to the asserted claims; 2) explain how SerComm has induced infringement of each product; 3) explain how each product is subject to contributory infringement; and, 4) explain how the products are used to directly infringe the '491 Patent.  The flaws with Eon's disclosures and the accompanying exhibits are apparent from merely looking at

6 SerComm has advised Eon of this fact in its discovery responses. Gutkin Decl., Exhibit "B" (FR1088BR Triple-Play Residential Gateway, IP1006GR 11N Wireless Gigabit Gaming Router, IP1016GRv2 Modem, IP1006SR150N Wireless BroadBand Router, and AP101nA 11N Wireless Access Point).

7
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

1  Eon's disclosures and trying to locate those places in the documents in which the accused

2  products are even mentioned, let alone discussed, and explained as allegedly infringing devices.

3             **F.**    **Eon's Discovery Requests**

4        In addition to the problems with Eon's infringement contentions, Eon's Requests seek

5  extensive documents and information about accused products that predate SerComm's awareness

6  of the '491 patent by six years. The "Definitions and Instructions" to Eon's Third Set of

7
8  Requests for Production defines "Accused Component" as follows:

9          5. "Accused Component" means ***any component of an accused infringing
   system identified in EON's infringement contentions***, including all access
10  points (e.g., AP101nA 11n), wireless routers (e.g., IP101GRv2), and
   residential gateways (e.g., FR1088BR) ***and other device with similar
11  functionality*** to support two-way communications between subscribers and
   mobile core networks made, used, sold, offered for sale, or imported by
12  Sercomm ***since October 22, 2004***.

13  Gutkin Decl., Exhibit "A".

14        Through its use of the term "Accused Component" in nearly every request:

15
16  •   Eon seeks discovery that predates SerComm's awareness of the patent at issue,

17      and thus the possibility of SerComm's alleged indirect infringement, by more

18      than six years; and,

19  •   Eon has improperly broadened the definition of "Accused Component" to

20      attempt to cover products that are not even mentioned in the infringement

21      contentions (e.g. "***and other device with similar functionality***").

22
23        Eon seeks even broader discovery in specific requests concerning categories of SerComm

24  products that are not even defined as an "Accused Component" or mentioned in Eon's

25  infringement contentions, including:

26          REQUEST FOR PRODUCTION NO. 34:

27
28
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

Please produce contracts between YOU and any Defendant(s) or third party pertaining to **wireless access points, hotspot networks, and mobile hotspots.**

REQUEST FOR PRODUCTION NO. 45:
Please produce documents provided to or prepared for YOUR customers in the United States, including advertisements, marketing presentations, reports, and studies relating to **the use of Wi-Fi access points, femtocells, and mobile hotspots** to extend and/or improve the coverage or capacity of any cellular network.

REQUEST FOR PRODUCTION NO. 48:
Please produce training manuals, programs, materials, and presentations provided to or prepared by YOUR employees **concerning Wi-Fi technology, femtocell technology, dual-mode technology, radiofrequency communication technology, or cellular network technology.**[7]

REQUEST FOR PRODUCTION NO. 51:
Please produce documents and letters submitted to the Federal Communications Commission ("FCC") **regarding femtocells, microcells, Wi-Fi, dual-path products,** spectrum shortage, capacity limitations, coverage problems, and the growth of cellular networks (including CDMA and LTE networks).

REQUEST FOR PRODUCTION NO. 73:
Please produce all documents showing any sales or offers of **sale of any product** to any other Defendant in this case.

III.   **ARGUMENT**

A.   **EON'S INFRINGEMENT CONTENTIONS DO NOT COMPLY WITH PATENT LOCAL RULE 3-1 REQUIREMENTS**

Eon accuses SerComm of indirect infringement of the claims 5, 7, 9, 17, 18, 19, 21, and 23 of the '491 Patent. Yet, Eon does little more than provide generalized statements about how the accused SerComm products are subject to indirect infringement. Eon's language, whether in its Amended Disclosure, Exhibit F, or Exhibit P, fails to come close to complying with the Local

---

[7] The parties appear to have reached an agreement with respect to this request by limiting the request to femtocell training manuals, and SerComm has produced those training manuals in its possession pertaining to femtocells.

9
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

Patent Rule 3-1 requirements of an element by element analysis of each accused product, and the specificity for alleging indirect infringement.

### 1.  Contributory Infringement

Eon accuses SerComm products of contributory infringement.  Gutkin Decl., Ex. "G". "Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent'.  *In re Bill of Lading*, 681 F.3d at 1337; *Fujitsu Ltd. v. NETGEAR Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).  In the context of a claim of contributory infringement under § 271(c), a substantial non-infringing use is any use that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009).

### 2.  Induced Infringement

Eon also accuses SerComm products of induced infringement. Gutkin Decl., Exhibit "G". "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To be liable as an inducer of infringement, a defendant must have: (1) knowledge that the induced act constitutes patent infringement; and, (2) a specific intent to encourage another's infringement. *In re Bill of Lading*, 681 F.3d at 1339 (citing *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011)); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  Where a device is suitable for "substantial noninfringing use," plaintiff must show that the defendant "intended that the article be used for direct infringement." *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1341 (Fed. Cir. 2008) (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 935 (2005)).

10
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

### 3.   Patent Local Rule 3-1

Patent Local Rule 3-1 expressly requires that Eon must specifically identify:

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known...

(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality...

(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement...

Patent L.R. 3-1(b), (c) and (d).  Rule 3-1 requires "specific identification of particular accused products" and does "not tolerate broad categorical identifications... nor ... the use of mere representative examples." *Oracle America v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 4479305, at *2 (N.D. Cal. Sep. 26, 2011).[8]

"The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Intertrust Techs. Corp. v. Microsoft Corp.*, No. C 01-1640 SBA, 2003 U.S. Dist. LEXIS 22736 at *6 (N.D. Cal. Nov. 26, 2003). The infringement contentions must do more than merely repeat the language of the patent and state that the product infringes, they must explain how each limitation is met by each product, and

---

[8] Eon propounds broad requests that seek documents relating to all wireless access points, hotspot networks, mobile hotspots, Wi-Fi access points, Wi-Fi technology, femtocell technology, dual-mode technology, radiofrequency communication technology, cellular network technology, microcells, Wi-Fi, dual-path products, and even the sale of any products (relevant or not), sold to any other defendant in the action. *See supra* discussion. Eon's discovery is grossly overbroad and unfair in view of its defective infringement contentions. Eon's contentions merely show examples of cellular networks, but do not show that SerComm's products are even used in those exemplary networks, or that SerComm induces others to use its products in those networks. This lack of specificity is very troubling since SerComm has not sold *any* products to the only two network carriers named as defendants in this lawsuit.

11

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

1  compare the product on an element by element basis to the asserted claims. *Intertrust*, at *7

2  (citing *Network Coaching Tech., LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2002 U.S. Dist.

3  LEXIS 26098, 2002 WL 32126128 at *5 (N.D. Aug. 13, 2002)).

4
          At the Patent Local Rule 3-1 Disclosure stage, a plaintiff must put forth information so
5          specific that either reverse engineering or its equivalent is required.

6  Id. At *7.

7
          [T]he Patent Local Rules place the burden on Plaintiff to provide infringement
8          contentions that specify the location of every claim element within the accused products.

9  *Bender v. Freescale Semiconductor, Inc.*, No. C 09-1156 PHJ (MEJ), 2010 WL 1689465 at *4

10 (N.D. Cal., Apr. 26, 2010); *see also Renesas Tech. Corp. v. Nanya Tech. Corp.*, Case No. C 03-

11 05709 JF (HRL), 2004 U.S. Dist. LEXIS 23601, at *17 (N.D. Cal. Nov. 10, 2004); *and see*

12 *Kelora Sys., LLC v. Target Corp.*, No. C 11-01548 CW (LB), 2011 WL 5444419, at *2 (N.D.

13 Cal., 2011).  As in *Shared Memory Graphics LLC v. Apple Inc.*, 812 F. Supp. 2d 1022, 1026

14 (N.D. Cal. Dec. 30, 2010) plaintiff's disclosures in this matter are "too vague to provide fair

15
16 notice as to what [portions] of the accused products infringe their patents".

17        For allegations of indirect infringement, Eon must disclose how exactly it believes

18 SerComm indirectly infringes the '491 Patent.  In *Creagri, Inc. v. Pinnaclife Inc.*, LLC, No. 11-

19 cv-06635-LHK-PSG, 2012 U.S. Dist. LEXIS 158540 at *15-16, (N.D. Cal. Nov. 2, 2012), the

20
21 Court stated:

22        Throughout its '599 Patent infringement contentions, Creagri adds boilerplate language
          alleging Pinnaclife engaged in indirect and contributory infringement, such as "advising
23        others to use the . . . product in an infringing manner; advertising and promoting the use. .
          . in an infringing manner; and distributing instructions, scientific papers, and videos that
24        guide customers to use the . . . product in an infringing manner." Creagri fails to identify
          what advertisements and instructions lead to what infringing behavior.
25
26        Eon similarly does not provide any specificity in its infringement contentions as to how

27 SerComm products are subject to contributory infringement and induced infringement.  Instead,

28
                                          12
                    Motion to Compel Infringement Contentions and for a
                    Protective Order to Stay or Limit Certain Discovery
                             Case No. 3:12-cv-01011-JST (EDL)

Eon sets forth vague boilerplate language. Such language has previously been found insufficient for purposes of satisfying the obligations under the Local Rules.

In *Fujitsu Ltd. v. Belkin Int'l, Inc.*, Case No.: 10-CV-03972-LHK, 2012 U.S. Dist. LEXIS 142102, at *26-27 (N.D. Cal., Sept. 28, 2012), the Court further discussed the requirements for disclosing indirect infringement:

> Under the Patent Local Rules of this District, a patentee's Infringement Contentions must identify the alleged third-party direct infringers in order to allege indirect infringement. See Patent L.R. 3-1(d); see, e.g., *Life Techs. Corp. v. Biosearch Techs.*, Inc., No. 12-00852, 2012 U.S. Dist. LEXIS 69976, 2012 WL 1831595, at *1 (N.D. Cal. May 18, 2012) (granting patentee's motion to amend infringement contentions to add the newly discovered identities of alleged direct infringers for purposes of alleging indirect infringement, which was necessary in order for patentee to comply with this District's Local Patent Rules); *Bender v. Maxim Integrated Prods., Inc.*, No. 09-01152, 2010 U.S. Dist. LEXIS 32115, 2010 WL 1135762, at *3 (N.D. Cal. Mar. 22, 2010) (plaintiff failed to comply with Patent Local Rule 3-1(d) where plaintiff's infringement contentions did not specify any third party and did not describe any acts committed by a third party that would suggest direct infringement). The Court agrees with Defendants that Fujitsu was required to identify these third-party cards in its Infringement Contentions, so as to put Defendants on notice of the alleged direct infringement supporting Fujitsu's claims of indirect infringement.

*See also Bender v. Maxim Integrated Prods.*, 2010 U.S. Dist. LEXIS 32115, at *8 (N.D. Cal. Mar. 22, 2010) ("Plaintiff's infringement contentions for the indirect infringement claim are also inadequate. Patent L.R. 3-1(d) requires that "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.") *and see Cal. Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Servs., Inc.,* No. 4:10-CV-05067 CW, 2011 U.S. Dist. LEXIS 154627, at *8 (N.D. Cal. Sept. 1, 2011) ("CICAS' contentions of indirect infringement fail to comply with the text and purpose of Patent Local Rule 3-1(d), which requires '[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.' Because CICAS does not

13

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

describe how Defendants' customers infringed the patents in suit, which claims they infringed, or how Defendants induced that infringement, its contentions are deficient").

Eon's infringement contentions do not identify direct infringement by any third party; do not describe any acts committed by a third party that would suggest direct infringement; fail to specify how SerComm has induced infringement of any third party; or otherwise provide any analysis as to why SerComm products should be subject to indirect infringement, whether by inducement or contributory infringement.

### B.   SERCOMM WAS UNAWARE OF THE '491 PATENT PRIOR TO THIS LAWSUIT, AND THEREFORE EON'S DEFINITION OF "ACCUSED COMPONENTS" TO INCLUDE PRODUCTS THAT PRECEDE THE FILING OF THE ACTION BY SIX YEARS IS IMPROPER

In addition to failing to satisfy Patent L.R. 3-1 requirements, Eon has propounded overly broad and oppressive discovery by defining "Accused Component" as products "made, used, sold offered for sale, or imported by SERCOMM since October 22, 2004", Eon seeks documents that precede the earliest possible indirect infringement by six years.

Under 35 U.S.C. §§ 271(b) and 271(c), a defendant's conduct—inducing or contributing to another's direct infringement— must occur after the defendant knew: (1) of the patent(s) in suit; and (2) that the direct-infringers' acts constitute patent infringement. *Global-Tech Appliances, Inc.*, 131 S. Ct. at 2068 (interpreting "knowing" requirement for inducing infringement claim under 35 U.S.C. § 271(b)); *DSU Med. Corp.*, 471 F. 3d at 1305; *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) ("Stating that the defendant was on notice of a patent as of a certain date is insufficient to provide a factual basis for alleging knowledge."); *DR Sys., Inc. v. Avreo, Inc.*, No. 11-CV-0932 BEN (WVG), 2012 WL 1068995, at *3-4 (S.D. Cal. Mar. 29, 2012) (dismissing contributory infringement claim because the complaint failed to allege facts sufficient to show that the

14

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

defendant had knowledge of the patent-in-suit); *and see supra* discussion of *Bascom Research LLC*, No. C 12-6293 SI; Related Cases C 12-6294 SI; C 12-6297 SI (N.D. Cal. Mar. 12, 2012) at Docket No. 71, page 6.

In *Global-Tech Appliances, Inc.* 131 S. Ct. at 2065, the US Supreme Court considered the requirements for induced infringement and clarified the intent requirement under 35 U.S.C. § 271(b), which states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." The Court rejected the Federal Circuit's standard that allowed liability where there is deliberate indifference to a known risk of infringement. Instead, the Court found that induced infringement under § 271(b) required knowledge that the induced acts constitute patent infringement. The Court upheld the Federal Circuit's judgment of induced infringement, concluding that there was sufficient evidence to support a finding of knowledge under the doctrine of willful blindness. Based on evidence that certain patented features were copied by the defendant from an overseas model of a fryer, the Court found sufficient evidence for a jury to find that the defendant subjectively believed there was a "high probability" that plaintiff's fryer was patented and took "deliberate steps to avoid knowing that fact," therefore willfully blinding itself to the infringing nature of its actions.

In response to Eon's Special Interrogatory No. 1, SERCOMM stated as follows:

**SPECIAL INTERROGATORY NO. 1:**

Describe in detail the circumstances under which You first became aware of the Patent-in-Suit, including the Date on which You first became aware of the Patent-in-Suit, the Circumstances under which You first became aware of the Patent-in-Suit, and Identification of the Persons with knowledge of the circumstances under which You first became aware of the Patent-in-Suit.

**RESPONSE TO SPECIAL INTERROGATORY NO.1:**

SERCOMM incorporates the general and specific objections set forth above, which are not waived by this response. Subject to and without waiving the foregoing general and specific objections, SERCOMM responds as follows:

15
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

SERCOMM's office in Fremont, California received a copy of the Summons and Complaint on or about November 10, 2010. Prior to service, on October 27, 2010, SERCOMM's Taiwan office received a communication from an attorney with the Fish and Richardson firm, Nancy L. Stagg. Ms. Stagg inquired as to whether SERCOMM would be interested in retaining her firm to represent the Company in litigation that had just been filed. A copy of the Complaint and the Case Docket were sent to SERCOMM. SERCOMM does not believe that the copy of the Complaint that it received included a copy of the patent.

Gutkin Decl., Exhibit "K". **Based on the above response, SERCOMM did not have knowledge of the '491 Patent until at the earliest either October or November of 2010.**

In the present case, Eon has not set forth in its disclosures a single fact to support any claim that prior to the filing of the present action, SerComm had any awareness (actual or "willful blindness") of the '491 Patent, or that prior to filing the present action SerComm even had any knowledge of the Plaintiff. Moreover, Eon is a non-practicing entity and there is nothing that SerComm could have copied from Eon in its manufacture of the products that are accused of indirect infringement. Under the present circumstances, Eon should limit its discovery requests to the actual time period at issue, ***after*** SerComm became aware of the patent (which at the earliest could only be the filing of the lawsuit).

## C.     EON'S REQUESTS FOR DOCUMENTS AND INFORMATION ABOUT SERCOMM PRODUCTS SHOULD BE STAYED.

Eon's refusal to comply with its Local Rule 3-1 requirements places an unfair burden upon SerComm. The disclosures under L.R. 3-1 are supposed to provide SerComm with notice of the facts that support the allegations of infringement, and "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules no provided for streamlined discovery." *Intertrust Techs. Corp.*, 2003 U.S. Dist. LEXIS at *3-4. (citation and quotation marks omitted); *accord Bender*, 2010 WL 1689465, at *2.

16
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

Until Eon satisfies its burden of providing infringement contentions that comply with Patent Local Rule 3-1, SerComm should not be forced to respond to Eon's discovery.  This is the precise remedy that the Court has followed in other cases to insure compliance with the disclosure requirements, and prevent fishing expeditions to compensate for inadequate pre-filing investigations.  Courts in the Northern District will stay discovery until the plaintiff has met its obligations under Patent Local Rule 3-1.  *Implicit Networks, Inc. v. Hewlett-Packard Co.*, No. 10-3746 SI, 2011 WL 3954809, at *4, (N.D. Cal. Sept. 7, 2011); *and see Network Caching Tech. LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2002 WL 32126128 at *3-4 (N.D. Cal. Aug. 13, 2002); *see also Shared Memory Graphics, LLC v. Apple, Inc.*, No. 10-2475 MMC (JSC), 2011 WL 3878388, at *7 (N.D. Cal. Sept. 2, 2011) (holding that prior to service of adequate infringement contentions, defendants not required to "show their hand" by responding to discovery that would reveal whether particular limitations are found in each accused device).

## IV.   CONCLUSION

For all of the above reasons and the supporting evidence, SerComm respectfully requests that the Court issue:

1)   An Order that Eon comply with Patent L.R. 3-1, and staying any discovery on SerComm concerning accused products that have not been properly identified by Eon in its infringement contentions, including but not limited to:

AD1006 11N Wireless ADSL Gateway;

Cable RG Cable Residential Gateway;

FR1088BR Triple-Play Residential Gateway;

IP1006GR 11N Wireless Gigabit Gaming Router;

IP1006RRv2 11N Wireless BroadBand Router;

IP1006SR150N Wireless BroadBand Router;

17

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

AP101nA 11N Wireless Access Point; and,

IP1016GRv2 Modem; and,

2)      A Protective Order limiting Eon's definition of "Accused Components" in its

Third Set of Requests for Production to products after the filing date of the present action.


Dated: March 25, 2013

Respectfully submitted,

ANDREWS KURTH LLP

By: */s/ Robert A. Gutkin*
        Robert A. Gutkin (#119781)

Attorneys for Defendant SerComm Corporation

18
Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2

## CERTIFICATE OF SERVICE
## PURSUANT TO GENERAL ORDER NO. 45

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 25th day of March, 2013, with a copy of this document via the Court's CM/ECF system per General Order No. 45.

/s/  Robert A. Gutkin
Robert A. Gutkin

Attorney for Defendant SerComm
Corporation

Motion to Compel Infringement Contentions and for a
Protective Order to Stay or Limit Certain Discovery
Case No. 3:12-cv-01011-JST (EDL)

WAS:193116.2