UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EON CORP IP HOLDINGS LLC,

    Plaintiff,

v.

ARUBA NETWORKS INC, et al.,

    Defendants.

Case No. 12-cv-01011-JST

**ORDER DENYING MOTION TO AMEND INFRINGEMENT CONTENTIONS**

Re: ECF No. 789

## I. INTRODCUTION

In this patent infringement action, Plaintiff EON Corp. IP Holdings LLC ("EON") has moved pursuant to Local Patent Rule 3-6 for leave to amend its infringement contentions. Plaintiff EON's Motion for Leave to Amend its Infringement Contentions ("Motion"), ECF No. 789. Pursuant to Rule 78(b) of the Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that the parties' briefs have thoroughly addressed the issues, rendering the matter suitable for disposition without oral argument. The hearing on this matter, currently scheduled for November 14, 2013, is hereby VACATED.

## II. BACKGROUND

### A. Procedural History

EON asserts that defendants Sprint and U.S. Cellular directly infringe on two related patents, and that the remaining defendants indirectly infringe. Joint Case Management Statement, ECF No. 650, at 2:15-23. EON filed this case in the Eastern District of Texas on October 22, 2010. Plaintiff EON Corp. IP Holdings, LLC's Original Complaint, Case No. 2:10-cv-00448-DF (E.D. Tex. Oct. 22, 2010), ECF No. 1. In January 2012, that court granted Defendants' motion to transfer venue to this Court. Order granting Joint Motion to Transfer Venue to the Northern District of California, No. 2:10-cv-00448-DF (E.D. Tex. Jan. 9, 2012), ECF No. 277.

In July 2012, EON served its required disclosures, including its infringement contentions. See Motion 2:5-6. In November 2012, the parties filed their Joint Claim Construction and Prehearing Statement, which contained the parties' competing constructions of disputed terms within the Patents. ECF No. 579. After conducting a hearing and considering the briefing of the parties, the Court issued an order construing disputed terms in the Patents on July 8, 2013. ECF No. 748.

EON filed the instant motion seeking to amend its infringement contentions on October 4, 2013. ECF No. 789.

### B. Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1337(a) since it arises out of a federal statute relating to patents.

### C. Legal Standard

"Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." Local Patent Rule 3-6. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: '(a) [a] claim construction by the Court different from that proposed by the party seeking amendment; (b) [r]ecent discovery of material, prior art despite earlier diligent search; [and] (c) [r]ecent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.'" Apple Inc. v. Samsung Electronics Co. Ltd., No. 12-cv-0630-LHK-PSG, 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (quoting Local Patent Rule 3-6).

"The local patent rules in the Northern District of California . . . require[] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365-66 (Fed. Cir. 2006) (emphasis added); see also Nova Measuring Instruments Ltd. v. Nanometrics, Inc., 417 F.Supp.2d 1121, 1123 (N.D. Cal. 2006) ("The [patent local] rules are designed to require parties to crystallize their theories of the case early in the litigation and to

2

adhere to those theories once they have been disclosed.") (quoted approvingly by O2 Micro, 467 F.3d at 1366, n. 12). "Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative," and is designed to "prevent the 'shifting sands' approach to claim construction." Atmel Corp. v. Info Storage Devices, Inc., 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998).

It is established within the district that in determining whether to grant leave to amend, the court first considers whether the moving party was diligent in amending its contentions, and only if that criterion is satisfied proceeds to consider whether the non-moving party would suffer prejudice if the motion to amend were granted. See, e.g., Acer, Inc. v. Tech. Properties Ltd., Case No. 5:08-CV-00877 JF/HRL, 2010 WL 3618687, at *5 (N.D. Cal. Sept. 10, 2010). The 'diligence' requirement applies both to discovery-based amendment requests as well as those made in response to a claims construction order. See, e.g., Apple, Inc. v. Samsung Electronics Co., Ltd., No. 11-cv-01846-LHK, 2012 WL 1067548, at *5 (N.D. Cal. Mar. 27, 2012)

### III. ANALYSIS

The majority of EON's proposed amendments either (1) restate the Court's construction of a term and then add the preface "consistent with the Court's claim construction, EON identifies the following …" before listing the already disclosed infringement contention, or (2) note that the Court has determined a claim to be invalid and explain why "for the sake of clarity," EON has not removed it from the claim chart. Motion 5:11-7:1. Strictly speaking, perhaps, these amendments reflect a "claim construction by the Court different from that proposed by the party seeking amendment." Patent Local Rule 3-6(a). But they serve no purpose. Moreover, EON offers no explanation of why it would take anything approaching three months to prepare these amendments.

The remaining amendments are not required to respond to the Court's claims construction order. First, EON proposes to add specific language stating that it contends certain "data centers" qualify as "switching centers," and lists publicly available information about the geographic location of Google data centers. Motion 7:2-8:24. If EON believed that it had a good-faith basis to assert this infringement theory, it could have asserted it as part of its original contentions, or at

3

1  the very least could have much more quickly amended in response to the Court adopting a
2  construction that is very similar to the one Defendants had proposed eight months before the
3  claims construction order.

4  Second, EON proposes to add a contention that "the network hub switching center claim
5  element is met by servers coupled with a mobile network operators' network through peering or
6  equivalent contractual relationships." Motion 8:25-9:28. EON does not explain why this is
7  necessary to respond to the claims construction order. While described as merely a "specific
8  iteration" of EON's original theories, it appears to be a new infringement theory that EON should
9  have raised long before now.

10  Third, EON proposes to delete the term "collocated" from the contentions which relate to
11  the "remote receiver" and "cell subdivision" terms. Motion 10:1-22. It is unnecessary to make
12  this amendment with regard to terms that appear only in invalidated claims. Even as to other
13  terms, the amendment is unnecessary since it simply reflects the fact that one of the several
14  examples listed in the contention is no longer a viable example under the terms as presently
15  constructed. The change is also a simple one to make, which could not have required three
16  months to accomplish.

17  EON has not demonstrated diligence. It proposes essentially three changes to its
18  infringement contentions: adding unnecessary prefatory language that simply copies or recognizes
19  the Court's constructions, contending that peering arrangements and data centers fall within the
20  scope of the "network hub switching center" term, and deleting the word "collocated" from a list
21  of examples. Three months is beyond whatever time should have been required to prepare these
22  amendments, especially where the Court's claim construction order adopted constructions that did
23  not substantially differ from those that Defendants had been urging for nearly a year.

24  Moreover, even if EON had demonstrated diligence, and could show that the amendments
25  were necessary to respond to the Court's claims construction order, Defendants would be
26  prejudiced by permitting these amendments at this stage of the case. The case was filed three
27  years ago, and has been pending in this Court for two years. Fact discovery closes shortly. Some
28  of EON's proposed amendments appear to open the door to infringement contentions against

1 instrumentalities and products not previously thought to be within the scope of the case.[1]

2 Therefore, if amendment is permitted, Defendants would either have to forego fact discovery

3 related to those accusations, or to further extend the schedule of an already venerable case and in

4 doing so bear unjustified costs.

5 EON has not met its burden of establishing that the amendments it proposes are

6 permissible. The motion is DENIED.

7 **IT IS SO ORDERED.**

8 Dated: November 9, 2013



_____
JON S. TIGAR
United States District Judge

---

[1] EON denies this, noting that its new infringement contentions regarding peering agreement do not constitute new theories because "EON has been requesting information on peering agreements for nearly a year." Reply 7:3-4. This misses the point. The point is that peering agreements were not previously disclosed to be within the scope of the *infringement contentions*.

5