UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EON CORP IP HOLDINGS LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>   Defendants. | Case No. 12-cv-01011-JST<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 880 |

## I. INTRODUCTION

The Court previously issued an Order Construing and Determining Validity of Claims of United States Patent No. 5,592,491 ("Claim Construction Order"), ECF No. 748, 2013 WL 3455631, 2013 U.S. Dist. LEXIS 95003 (N.D. Cal. July 8, 2013). The patentholder, EON Corp IP Holdings LLC ("EON") subsequently moved for leave to file a motion for reconsideration of various aspects of the Claim Construction Order. The Court granted leave for EON to file a motion seeking reconsideration of only the following two issues:

1. Whether the Court (a) erred in concluding that the "switching means" must perform the specific functions of "gathering, determining and selecting," and, if so, (b) whether, after correcting that error, the Court should necessarily reconsider its ultimate invalidity conclusion.

2. Whether the Court should clarify its construction of the "modem communicatively coupled" term to clarify whether the term "connected" refers to the type of communications protocol utilized, and whether the parties do or do not have an O2 Micro dispute over the type of communications protocol encompassed within the scope of the claim.

Order Granting in Part and Denying in Part Plaintiff's Motion for Leave to File a Motion for Reconsideration, ECF No. 873.  The matter came for hearing on January 23, 2014.  The Court will revise its Claim Construction Order in the following manner and for the following reasons.

**II.     ANALYSIS**

**A.     Indefiniteness of Claims 1 and 13: "switching means"**

The parties agree that the term "switching means" in Claims 1 and 13 of the '491 Patent is a means-plus-function term, and that the claimed function is "selecting a communication path." See Joint Claim Construction and Prehearing Statement Exhibit B at 5, ECF No. 579-2.  In the Claim Construction Order, the Court concluded that Claims 1 and 13 of the '491 Patent were invalid for indefiniteness because the patent failed to identify sufficient structure to perform the claimed function.  2013 WL 3455631, at *2-6, 2013 U.S. Dist. LEXIS 95003, 15-27.

In determining the nature of the claimed function of "selecting a communications path," the Court reviewed the intrinsic record and concluded:

> [T]he switching means gathers information about how much rf signal the subscriber unit is receiving and determines whether the subscriber unit is 'able' or 'unable' to receive rf signals, on this basis selects the appropriation path, and then performs the switch.  In other words, it makes a determination.  No other feature of the invention performs this function.  It must be the "switching means."

Claim Construction Order 6:1-6, 2013 WL 3455631, at *4, 2013 U.S. Dist. LEXIS 95003, 19.  In its Motion for Reconsideration, EON has pointed out that other elements of the intrinsic record, particularly U.S. Patent No. 5,388,101 ("the '101 Patent"), of which the '491 Patent is a continuation-in-part, indicate that other disclosed elements actually perform the functions of "gathering information" about rf signal, and "determining" whether the unit is able to receive rf signals.  Notably, a disclosed "frequency control component" is disclosed to monitor transmission frequency, a disclosed "data processor" enables the subscriber unit to make rf signal strength assessments, and disclosed subscriber unit software assesses whether signal strength goes below a threshold value.  '101 Patent at 9:14-19, 10:15-31, 10:39-43.  Therefore, EON argues that a personal of ordinary skill of the art would understand these functions to already be claimed by elements in the '101 Patent, which are incorporated within the "subscriber unit" claimed in the

'491 Patent. See '491 Patent at 1:43–52, 2:3-11.

In their opposition brief, Defendants argue:

> There is no question that the '491 patent explains that selection of a communications path requires a determination of which path to use. See, e.g., '491 patent, claim 5. The Court's finding that the "selecting" function includes making "a determination" and, consequently "gathering, determining, and selecting," i.e. "choosing," is wholly consistent with the specification and the plain language of the word "selecting."

Opposition 3:20-25. But they do not directly dispute the fact that the Court erred in concluding that no other elements of the invention perform the functions of "gathering" and "determining."

At oral argument, Defendants argued that it would be inappropriate to refer back to disclosures from the '101 Patent in considering a means-plus-function claim in the '491 Patent. Defendants emphasized that "*the patent's specification* must provide 'an adequate disclosure showing what is meant by that [claim] language.'" Noah Sys., Inc. v. Intuit Inc., 675 F.3d 1302, 1311-12 (Fed. Cir. 2012) (quoting In re Donaldson Co., 16 F.3d 1189, 1195 (Fed. Cir. 1994) (emphasis added). "[M]aterial incorporated by reference cannot provide the corresponding structure necessary to satisfy the definiteness requirement for a means-plus-function clause." Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc. (d/b/a The Home Depot), 412 F.3d 1291, 1301 (Fed. Cir. 2005).

But EON is not asking the Court to look to the '101 Patent's disclosures to find the identified structure. EON is arguing that the Court should look to the entirety of the intrinsic record in construing the scope of the claimed function: "selecting a communications path." "The construction of a means-plus-function limitation includes two steps . . . [f]irst, we determine the claimed function," and "[s]econd, we identify the corresponding structure in the written description that performs that function." JVW Enterprises, Inc. v. Interact Accessories, Inc., 424 F.3d 1324, 1330 (Fed. Cir. 2005); see also Applied Med. Res. Corp. v. U.S. Surgical Corp., 448 F.3d 1324, 1332 (Fed. Cir. 2006). In performing this first step, it is appropriate to consider the relevant sources of claim construction, especially the specification of a prior patent of which the Patent-in-Suit is a continuation-in-part. "Ordinary principles of claim construction govern

3

interpretation of the claim language used to describe the function" of a means-plus-function term. Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc., 296 F.3d 1106, 1113 (Fed. Cir. 2002) (internal citation omitted).

As a secondary matter, Defendants also object that the '101 Patent did not involve two distinct communications paths. The capacity to switch between Path A and Path B is introduced in the '491 Patent. Therefore, Defendants argue that even if elements disclosed in the '101 Patent perform a "monitoring" and "assessing" function, those elements cannot perform the function of selecting between communications Path A and Path B. But as the Court construes the intrinsic record, once the invention has monitored transmission frequency, made an rf signal strength assessment, and assessed whether signal strength has fallen below a threshold value, there is no more determining left to be performed as part of the claimed "selecting" process. At that point, it is plausible to conclude that the selection is merely to automatically assumes a position dictated by the determinations made by the frequency control component, data processor, and subscriber unit software within the subscriber unit.

The Court agrees that the term "selecting," as understood by a layperson outside of the context of the patent, connotes an intelligent determination rather than merely "assuming a position." But the Court must construe the term based primarily on the intrinsic record, as it would be understood by a person of ordinary skill in the art. And here, other elements of the patented invention perform the functions that the Court had previously concluded must be performed by "electronic switch 13." The subscriber unit's capability to monitor and assess rf signal was fully disclosed in the parent '101 Patent, and it would be redundant to construe the "selecting" function claimed in the '491 Patent to also include those functions. In light of this, a person of ordinary skill of the art could conclude that "selecting a communications path," within the context of these patents, is a fairly narrow function akin to "toggling," or "assuming a position."

At the very least, the patent is amenable to such a construction. See Exxon Res. & Eng'g Co. v. United States, 265 F.3d 1371, 1380 (Fed. Cir. 2001) ("If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which

4

reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds"); see also Rhine v. Casio, Inc., 183 F.3d 1342, 1345 (Fed. Cir. 1999) (claims are to be construed to preserve validity, if possible); see also Biosig Instruments, Inc. v. Nautilus, Inc., 715 F.3d 891, 898 (Fed. Cir. 2013) cert. granted, ___ U.S. ___, 134 S. Ct. 896 (U.S. 2014) (citing Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347 (Fed.Cir.2005) ("[a] claim is indefinite only when it is 'not amenable to construction' or 'insolubly ambiguous.'").[1] The plausibility of this construction is reinforced by the fact that the Eastern District of Texas reached the same conclusion. EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc., Case No. 6:10-CV-0379 LED-JDL, 2012 WL 3073432, at *3-5 (E.D. Tex. Feb. 8, 2012) report and recommendation adopted sub nom. EON Corp. IP Holdings, LLC v. Skyguard, LLC, Case No. 6:11-CV-15-LED-JDL, 2012 WL 3073907 (E.D. Tex. July 27, 2012) ("[t]he recited function of 'selecting the path of communication' refers to selecting a communication path, not deciding which path to use").

Defendants have not submitted clear and convincing evidence that the disclosed "electronic switch 13" is insufficient to perform this more narrowly understood claim function. The Court has reconsidered, and hereby reverses, its determination that Claims 1 and 13 are invalid for indefiniteness.

### B. "Modem Communicatively Coupled"

In their initial claim construction brief, Defendants persuasively argued that this term implied a connection rather than merely the possibility of one, but they did not argue that the claim encompassed only a connection occurring through a circuit-switched network. Defendants' Responsive Claims Construction Brief 11:7-14:7, ECF No. 645. EON objected at that time, and objects again now, that using the term "connected" might imply to one skilled in the art that the coupling must be one that occurs on a circuit-switched, rather than packet-switched, network. EON's Claim Construction 21:2-5.

In this briefing, Defendants did not respond to the Court's request that it explain whether

---

[1] As of this writing, these standards remaining the governing law of the Federal Circuit regarding indefiniteness, although the Court is aware that the question is currently being reviewed by the Supreme Court. Nautilus, Inc. v. Biosig Instruments, Inc., ___ U.S. ___, 134 S. Ct. 896 (2014)

5

or not the parties have an O2 Micro dispute that the Court must resolve over the type of communications protocol utilized in the claimed network. Nor did they explain why it would be inappropriate for the Court to now clarify that its construction was not intended to rule packet-switched networks inside or outside the scope of the claim. At oral argument, counsel acknowledged that Defendants have never made an issue of the communications protocol encompassed by the term.

The Court will revise its claim construction order to add the following caveat: "the Court's construction does not imply that the connection must occur in a circuit-switched rather than packet-switched network."

## III.  CONCLUSION

The Court will issue a revised claim construction order, concluding that claims 1 and 13 of the '491 Patent are not invalid, and clarifying that the Court's construction of the "modem communicatively coupled" term was not intended to imply that a connection must occur in a circuit-switched rather than packet-switched network.

**IT IS SO ORDERED**.

Dated: February 25, 2014

_____
JON S. TIGAR
United States District Judge