UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EON CORP IP HOLDINGS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>　　　　Defendants. | Case No.  12-cv-01011-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 928, 953, 959, & 976 |

The parties in this case have filed administrative motions to file under seal, and to redact portions of, numerous documents connected to Defendants' motion for summary judgment of noninfringement.  ECF Nos. 928, 953, 959 & 976.

**I.    LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials.  <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).  An administrative motion to seal must also fulfill the requirements of Civil Local Rule 79-5(d).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d 1172 at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S. Ct. 2374 (U.S. 2012).

## II.     ANALYSIS

Since these documents relate to a dispositive motion, the "compelling reasons" standard applies.

### A.     Motion to Seal Documents Related to Defendants' Motion (ECF No. 928)

Defendants have filed a motion to seal, and to redact references to, information in their Motion for Summary Judgment and related declarations and exhibits. Some of the information has been designated confidential by Defendants, while Defendants have sought to seal certain other information in the belief that EON considers it confidential.

"'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Kamakana, 447 F.3d at 1179 (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Nixon also noted that the "common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598.

The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as

1  "any formula, pattern, device or compilation of information which is used in one's business, and
2  which gives him an opportunity to obtain an advantage over competitors who do not know or use
3  it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting Restatement of Torts §
4  757, cmt. b).  In that case, applying Kamakana and Nixon, the Ninth Circuit reversed a district
5  court for refusing to seal information that qualified under this standard.  In re Elec. Arts, Inc., 298
6  Fed. App'x. at 569.  The Federal Circuit has similarly concluded that under Ninth Circuit law,
7  detailed product-specific financial information, customer information and internal reports are
8  appropriately sealable under the "compelling reasons" standard where that information could be
9  used to the company's competitive disadvantage.  Apple Inc. v. Samsung Electronics Co., Ltd.,
10 727 F.3d 1214, 1226, 1228 (Fed. Cir. 2013).

11     Defendants have submitted declarations in support of sealing which demonstrate that the
12 information they seek to seal discloses proprietary and confidential technology, product
13 configurations, security features, and network configurations.  ECF Nos. 929-33.  After carefully
14 reviewing this information, the Court concludes that, under Apple and In re Elec. Arts, the
15 "compelling reasons" standard is satisfied.

16     EON has not submitted any declaration in support of sealing the information Defendants
17 identified as possibly being considered confidential by EON.  Therefore, the motion is denied as to
18 that information.

19     **B.**    **Motions to Seal Related to EON's Opposition Brief (ECF Nos. 953 & 959)**

20     EON has filed a motion to seal, and to redact references to, information in its opposition
21 brief and related declarations and exhibits.  Some of the information has been designated
22 confidential by Defendants, while other information has been designated confidential by a non-
23 party.

24     Nonparty Devicescape has filed a declaration establishing that excerpts of Simon Wynn's
25 testimony contained within Exhibit 11 to the Declaration of Mark Halderman disclose non-public
26 confidential information regarding Devicescape's business dealings with its cutomers and the
27 functioning of its products.  ECF No. 964.  Since this information could be used to Devicescape's
28 competitive disadvantage, the motion is granted insofar as it seeks to redact those specific

1 deposition excerpts.

2 Defendants have filed no declaration in support of sealing information that EON identified as
3 possibly being considered confidential by Defendants. Therefore, the motion to seal is denied as
4 to that information.

### C. Motion to Seal Related to EON's Administrative Motion to File a Sur-Reply (ECF No. 976)

EON has also filed a motion to file under seal, and redact references to, information Defendants declared confidential pursuant to the parties' protective order. ECF No. 976. Defendants have filed no declaration in support of sealing. Therefore, the motion is DENIED.

### III. CONCLUSION

The motions at ECF Nos. 928, 953 and 959 are GRANTED IN PART and DENIED IN PART consistent with the foregoing. The motion at ECF No. 976 is DENIED. The parties shall file revised versions of the documents consistent with Civil Local Rule 79-4.

**IT IS SO ORDERED**.

Dated: March 11, 2014

_____
JON S. TIGAR
United States District Judge