RICHARD J. O'BRIEN
robrien@sidley.com
SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603
(312) 853-7000
FAX: (312) 853-7036

BRYAN K. ANDERSON (SBN 17066)
banderson@sidley.com
ASHISH NAGDEV (259921)
anagdev@sidley.com
SIDLEY AUSTIN LLP
1001 PAGE MILL ROAD, BLDG. 1
PALO ALTO, CA 94304
(650) 565-7000
FAX: (650) 565-7100

Attorneys for United States Cellular Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>SENSUS USA INC., et. al.,<br><br>   Defendants. | Case No. 3:12-cv-01011-JST<br><br>Assigned to: Jon S. Tigar<br><br>**DECLARATION OF BRYAN K. ANDERSON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' AND EXPERT FEES AGAINST PLAINTIFF EON CORP. IP HOLDINGS, LLC**<br><br>Hearing Date: July 24, 2014<br>Time: 2:00 PM<br>Courtroom: 9, 19th Floor<br>Hon. Jon S. Tigar |

   1.  I am a partner with the law firm of Sidley Austin LLP ("Sidley") and a member in good standing of the California bar. Sidley represents defendant United States Cellular Corporation ("U.S. Cellular") in this litigation. I submit this declaration on behalf of U.S. Cellular in support of Defendants' motion for attorneys' and expert fees against Plaintiff EON Corp. IP Holdings, LLC ("EON"), and their counsel of record. The statements made in this declaration are based on my

own personal knowledge or records regularly maintained in the ordinary course of Sidley's business, and if sworn as a witness I could testify competently thereto.

2. Richard J. O'Brien, Ashish Nagdev and I are the attorneys primarily responsible for representing U.S. Cellular in this matter. I am a 1990 law school graduate and I have been in private practice for 23 years. Mr. O'Brien is a 1979 law school graduate in private practice for 33 years. Mr. Nagdev is a 2008 law school graduate. Mr. Ferenc Pazmandi also worked on this matter for U.S. Cellular. Mr. Pazmandi is a patent agent admitted to practice before the United States Patent and Trademark Office in 2002. Our primary paralegal was Mr. Robert Lawson. Attached to my declaration as Exhibit A are true and correct copies of our respective biographies.

3. Attached to my declaration as Exhibit B are invoices Sidley issued to U.S. Cellular for Sidley's work in this matter for the months of August, 2013 through April, 2014. U.S. Cellular has paid the invoices through the end of February. I expect the remaining invoices in Exhibit B to be paid in full by U.S. Cellular in the ordinary course, less a 12.5% discount per Sidley's agreement with U.S. Cellular. I further expect that Sidley will issue invoices for work performed on this matter after April 30, 2014, and that such invoices will be paid in full by U.S. Cellular in the ordinary course, less a 12.5% discount per Sidley's agreement with U.S. Cellular. Attached to the invoices are printouts showing (a) a chronological description of the attorney time expended by Sidley on U.S. Cellular's behalf in this matter, identifying by date the tasks performed and time expended and (b) the prevailing hourly rates charged for the attorneys and other professionals who performed work on this matter.

4. Based upon my review of the information set out in these printouts, they are accurate, the tasks identified were necessary to the proper representation of U.S. Cellular in this matter, and the number of hours expended for each task was reasonable. I made every reasonable effort to assign each of the tasks and responsibilities for this matter to an attorney or other professional with a level of experience which matched but did not exceed that required to perform the task so as to minimize the billing rate charged for each task.

DECLARATION OF BRYAN K. ANDERSON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS'
AND EXPERT FEES AGAINST PLAINTIFF EON CORP. IP HOLDINGS, LLC - 3:12-CV-01011-JST

5. The fees charged to U.S. Cellular by Sidley for the work performed by Messrs. O'Brien, Nagdev, Pazmandi, Lawson and myself from August 1, 2014 through April 30, 2014 amounted to $628,905.40, as shown in the following table:

| Timekeeper | Paid Fees | Outstanding Fees | Total |
|---|---|---|---|
| Richard J. O'Brien | $65,833.13 | $5,620.68 | $71,453.81 |
| Bryan K. Anderson | $196,259.80 | $35,882.00 | $232,141.80 |
| Ashish Nagdev | $202,983.55 | $40,432.81 | $243,416.36 |
| Ferenc Pazmandi | $14,394.24 | $5,708.42 | $20,102.66 |
| Robert D. Lawson | $48,334.84 | $13,455.93 | $61,790.77 |
|  | $527,805.56 | $101,099.84 | $628,905.40 |

6. The American Intellectual Property Law Association's July 2013 Report of the Economic Survey (AIPLA Survey) (attached as Exhibit 27 to the Declaration of Ashish Nagdev ("Nagdev Decl.")) indicates that in San Francisco the median litigation cost to defend a patent infringement suit by a non-practicing entity with $1-$10M at issue was $2M in 2013, inclusive of all costs. *Id*. at I-146.

7. Sidley Austin subscribes to a database created by Valeo Partners, the Hourly Rates Database, which maintains hourly rate information for various law firms and attorneys based on information contained in court filings. Based on this database, the rates charged by attorneys on this case are in-line with similar attorneys at top-tier law firms. Attached as Exhibit 29 to Nagdev Decl. is a table of relevant West Coast litigation partner and counsel billing rates derived from the Valeo Hourly Rates Database for the period 2013 to 2014. Attached as Exhibit 30 to Nagdev Decl. is a comparison of Sidley Austin's 2013 West Coast associate rate structure to the 2013 associate billing rates for peer firms derived from the Valeo Hourly Rates Database.

8. Attached to my declaration as Exhibit C are invoices issued by U.S. Cellular's retained expert Dr. Kevin Negus. U.S. Cellular's share of these invoices has been paid in full. Dr. Negus authored an expert disclosure report rebutting the expert infringement disclosures by EON in this matter, and appeared at his deposition taken by EON. A copy of the report issued by Dr. Negus

is attached to the Nagdev Declaration as Exhibit 20. Based upon my review of the information set out in these invoices as well as the disclosed opinions of Dr. Negus, the invoices are accurate and, in my professional judgment, the work performed was necessary to rebutting the claims asserted against U.S. Cellular in this matter, and the number of hours expended were reasonable. Similarly, the costs incurred are reasonable and were necessary to the proper representation of U.S. Cellular in this matter. The total fees and costs paid by U.S. Cellular to Dr. Negus was $36,429.84.

9. Attached to my declaration as Exhibit D are invoices issued by U.S. Cellular's retained expert Dr. Alan Cox. U.S. Cellular's share of these invoices has been paid in full. Dr. Cox authored an expert disclosure report rebutting the expert damages disclosure by EON in this matter. A copy of the report issued by Dr. Cox is attached to the Nagdev Declaration as Exhibit 19. Based upon my review of the information set out in these invoices as well as the disclosed opinions of Dr. Cox, the invoices are accurate and, in my professional judgment, the work performed was necessary to rebutting the claims asserted against U.S. Cellular in this matter, and the number of hours expended were reasonable. Similarly, the costs incurred are reasonable and were necessary to the proper representation of U.S. Cellular in this matter. The total fees and costs paid by U.S. Cellular to NERA for Dr. Cox's services was $95,493.45.

10. Attached to my declaration as Exhibit E are invoices issued by U.S. Cellular's retained expert Dr. Jack Grimes. U.S. Cellular's share of these invoices has been paid in full. Dr. Grimes authored expert disclosure reports concerning the invalidity of the patent claims asserted by EON in this matter, and appeared at his deposition taken by EON. Copies of the reports issued by Dr. Grimes are attached to the Nagdev Declaration as Exhibits 21 and 22. Based upon my review of the information set out in these invoices as well as the disclosed opinions of Dr. Grimes, the invoices are accurate and, in my professional judgment, the work performed was necessary to responding to the claims asserted against U.S. Cellular in this matter, and the number of hours expended were reasonable. Similarly, the costs incurred are reasonable and were necessary to the proper representation of U.S. Cellular in this matter. The total fees and costs paid by U.S. Cellular to Dr. Grimes that U.S. Cellular requests the Court order EON to pay is $19,716.56.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.  Executed this 28th day of May, 2014 at Palo Alto, California.

By: */s/ Bryan K. Anderson*
Bryan K. Anderson