**DUANE MORRIS LLP**
Richard L. Seabolt, Esq. (SBN 67469)
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: 415.957.3000
Facsimile: 415.957.3001

L. Norwood Jameson (admitted *pro hac vice*)
Matthew S. Yungwirth (admitted *pro hac vice*)
Alison M. Haddock (admitted *pro hac vice*)
John R. Gibson (admitted *pro hac vice*)
David C. Dotson (admitted *pro hac vice*)
Stephanie A. Hansen (admitted *pro hac vice*)
1075 Peachtree Street, Suite 2000
Atlanta, Georgia 30309
Telephone: 404.253.6900
Facsimile: 404.253.6901

Joseph A. Powers (admitted *pro hac vice*)
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Telephone: 215-979-1842
Facsimile: 215-689-3797

E-Mail: rlseabolt@duanemorris.com
E-Mail: wjameson@duanemorris.com
E-Mail: japowers@duanemorris.com
E-Mail: msyungwirth@duanemorris.com
E-Mail: amhaddock@duanemorris.com
E-Mail: jrgibson@duanemorris.com
E-Mail: dcdotson@duanemorris.com
E-Mail: sahansen@duanemorris.com

*Attorneys for Defendant Cisco Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EON CORP. IP HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>SPRINT SPECTRUM, L.P., et al.,<br><br>    Defendants. | Case No.: 3:12-CV-01011-JST<br><br>**DECLARATION OF L. NORWOOD JAMESON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND SANCTIONS**<br><br>**EXHIBIT "A" FILED UNDER SEAL** |

I, L. Norwood Jameson, declare as follows:

1. I am an attorney at law, admitted *pro hac vice* to practice before this Court a member in good standing of the Georgia bar since 1988 a partner of Duane Morris LLP ("Duane Morris"), and lead counsel of record for Defendant Cisco Systems, Inc. ("Cisco") in this litigation. I make this declaration on behalf of Cisco in support of Defendants' Motion for Attorneys' Fees and Sanctions.

2. The statements made herein are based on my own personal knowledge or records regularly maintained in the ordinary course of Duane Morris's business, and if sworn as a witness I could testify competently thereto. I also incorporate herein by reference the exhibits included in the Declaration of Ashish Nagdev in Support of Defendants' Motion for Fees ("Nagdev Declaration").

3. The representation of Cisco in this proceeding required a high degree of skill and experience in specialized areas of law in which I have practiced for 26 years.

4. Attached as Exhibit A is a chart with detailed descriptions of the work performed by the key members of Duane Morris's team on this litigation matter from August 1, 2013 to April 30, 2014, along with the hours expended by each attorney and paralegal on each task. The descriptions in the attached spreadsheet have been revised from what appeared in the actual time records of each attorney to protect against the disclosure of attorney/client information, attorney work product, or other highly sensitive litigation strategies. But the spreadsheet still reflects the nature of the work, the date of the work, the billing rate of the attorney or paralegal at the time that the work was performed, and the hours spent by each attorney or paralegal on the work, so the Court can evaluate the reasonableness of the work performed by Duane Morris on behalf of Cisco during the period following the Court's Order Construing and Determining Validity of Claims of

United States Patent No. 5,592,491 (the "Claim Construction Order").[1] The chart's entries reflect only the work of Duane Morris team members that billed more than 100 hours during that same period.

5. Attached as Exhibit B are the biographies of the attorneys at Duane Morris whose time entries are included in Exhibit A.

6. Had Duane Morris charged Cisco the aforementioned rates for the aforementioned number of hours expended by team members that billed more than 100 hours during the August 1, 2013 to April 30, 2014 time period, Duane Morris would have been entitled to more than $893,111.00 in fees for work performed following the issuance of the Court's Claim Construction Order.[2] However, under an alternative fee arrangement that Duane Morris entered into with Cisco for this matter, Cisco received a discount of $128,378, paying only $764,733.00 for work performed from August 1, 2013 to April 30, 2014 under a monthly capped billing arrangement that varies based on the stage of the case and type of work performed. Cisco has paid the invoices submitted by Duane Morris through the end of April 18, 2014 (altogether, $732,380 in total fees), and I expect the remaining invoice for $32,353 to be paid in full by Cisco in the ordinary course. Therefore, Cisco requests the Court order EON to pay at least $764,733.00 in attorneys' fees reflecting the amount billed to Cisco for August 1, 2013 through April 30, 2014, and can provide additional information to the Court concerning the amounts billed to Cisco for May and June 2014 once available.

---

[1] In the event that the Court would like to review the time records for each of the attorneys and paralegal at issue, Cisco can submit the original versions of the time entries for *in camera* review.

[2] As noted above, Exhibit A reflects only the work performed by "key" Duane Morris personnel. Any personnel whose hours expended on the matter were less than 100 hours total during the relevant time period were not included in the chart and are not included in the $933,050 total calculation of fees.

7. Following the Claim Construction Order, Duane Morris retained Dr. Stephen Wicker as an expert on non-infringement. Dr. Wicker authored an expert report rebutting the expert infringement opinions offered by EON's experts, authored a supplemental expert report rebutting the expert infringement opinions offered by EON's experts, and appeared at his deposition taken by EON. Dr. Wicker's initial expert report was 100 pages, not including exhibits, and his supplemental expert report was 22 pages, and both were submitted in response to a 142-page Cisco-specific infringement report submitted by EON's expert Dr. Lyon. True and correct copies of Dr. Wicker's invoices are attached as Exhibit C. Cisco has paid Dr. Wicker's invoices in full. Based on my review of the information set out in these invoices as well as the disclosed opinions of Dr. Wicker, the invoices are accurate and, in my professional judgment, the work performed was necessary to rebut the claims asserted against Cisco in this matter, and the number of hours expended were reasonable, the costs incurred were reasonable, and both the fees and costs were necessary to the proper representation of Cisco in this matter. The total fees and costs paid by Cisco to Dr. Wicker that Cisco requests the Court order EON to pay is $49,650.

8. Following the Claim Construction Order, Duane Morris retained Dr. Jack Grimes as an expert on invalidity. Dr. Grimes authored an expert report concerning the invalidity of the patent claims asserted by EON in this matter, a supplemental expert report concerning the invalidity of the patent claims asserted by EON, and appeared at his deposition taken by EON. Copies of Dr. Grimes' expert report and supplemental expert report are attached as Exhibits 21 and 22 to the Nagdev Declaration. True and correct copies of Dr. Grimes' invoices, reflecting Cisco's pro-rata share of Dr. Grimes' work, are attached as Exhibit D. Cisco has paid Dr. Grimes' invoices in full. Based on my review of the information set out in these invoices as well as the disclosed opinions of Dr. Grimes, the invoices are accurate and, in my professional judgment, the work performed was necessary to rebut the claims asserted against Cisco in this matter, and the

number of hours expended were reasonable, the costs incurred were reasonable, and both the fees and costs were necessary o the proper representation of Cisco in this matter.  The total fees and costs paid by Cisco to Dr. Grimes that Cisco requests the Court order EON to pay is $22,905.91.

9.      Following the Claim Construction Order, Duane Morris retained Mr. Christopher Bakewell as an expert on damages.  Mr. Bakewell authored an expert report rebutting the damages expert opinions offered by EON in this matter, and appeared at his deposition taken by EON.  Mr. Bakewell's expert report was 140 pages not including exhibits, and was prepared in response to a 54-page Cisco-specific damages report submitted by EON's expert Mr. Nawrocki.  True and correct copies of Mr. Bakewell's invoices are attached as Exhibit E.  Cisco has paid Mr. Bakewell's invoices in full.  Based on my review of the information set out in these invoices as well as the disclosed opinions of Mr. Bakewell, the invoices are accurate and, in my professional judgment, the work performed was necessary to rebut the claims asserted against Cisco in this matter, and the number of hours expended were reasonable, the costs incurred were reasonable, and both the fees and costs were necessary o the proper representation of Cisco in this matter.  The total fees and costs paid by Cisco to Mr. Bakewell that Cisco requests the Court order EON to pay is $213,074.00.

10.     I have been involved in numerous patent infringement and intellectual property cases before federal district and appellate courts, and I believe that the total attorney time, paralegal time, and expert witness fees billed to Cisco in defense of this lawsuit are reasonable and were necessary to the proper representation of Cisco in this matter.  I made every reasonable effort to assign each of the tasks and responsibilities for this matter to an attorney or other professional with a level of experience commensurate with the work to be performed.  Likewise, I believe the rates charged are reasonable in view of the experience, knowledge, and expertise of each attorney performing the tasks.  Considering the level of experience of each of the individuals who worked

on this matter, and the prevailing hourly rates for legal work in the San Francisco market, it is my professional judgment that the hourly rates that could have been charged to Cisco had Cisco not been on a flat fee arrangement are reasonable.  I am a 1988 law school graduate who has been in private practice for over 25 years.  Mr. Yungwirth is a 2000 law school graduate and has been in private practice for over 13 years.  Mr. Powers is a 1999 law school graduate who has been in private practice for over 14 years.  Mr. Powers is admitted to the U.S. Patent and Trademark Office and has a Bachelor of Science degree in Electrical Engineering.  Ms. Haddock is a 2005 law school graduate and has been in private practice for over eight years.  Mr. Gibson is a 2006 law school graduate and has been in private practice for six and a half years and, before entering private practice, clerked for a year for Judge Brinkema in the United States District Court for the Eastern District of Virginia.  Our primary paralegal was Mr. David Rollins.  Attached as Exhibits 27, 28, 29, and 31 to the Nagdev Declaration are excerpts from the American Intellectual Property Law Association's July 2013 Report of the Economic Survey, the 2013 NLJ Billing Survey, an excerpt from the Valeo Hourly Rates Database for 2013 to 2014, and the 2013 Edition of the International Paralegal Management Association Annual Compensation Survey for Paralegals and Managers which illustrate the reasonableness of the rates charged by the Duane Morris attorneys and paralegal.

11. As a matter of Duane Morris practice, attorneys and paralegals must record in a database their time spent on particular matters, along with a description of the work performed, contemporaneously with the events recorded.  These records are then maintained by Duane Morris for billing and other purposes.  According to these records, for the time period of August 1, 2013 to April 30, 2014, the core Duane Morris team whose rates are included in Exhibit A spent over 1,850 hours in defending this case.  The total hours billed in defending this case by the core Duane Morris team reflect the fact that, after the Claim Construction Order, the discovery and preparation

1  necessary to defend the case was immense. Following claim construction, EON Corp. IP
2  Holdings, LLC produced 15,429 pages in 287 separate documents and forced Duane Morris to
3  produce 16,323 separate documents on behalf of Cisco to adequately represent its interests. Duane
4  Morris attorneys attended in person or by phone at least six hearings or conferences after the Claim
5  Construction Order was entered. And Duane Morris prepared four Cisco witnesses and three
6  expert witnesses and defended them in depositions after July 8, 2013, as well prepared for and took
7  three of EON's experts' depositions in that same time period. On behalf of Cisco, and after the
8  Court's Claim Construction Order issued, Duane Morris responded to two sets of requests for
9  production (totaling 53 requests), two sets of "special" interrogatories (totaling 10 interrogatories),
10 one set of requests for admission (totaling 19 requests), and one set of common interrogatories
11 (containing 15 separate interrogatories). And Duane Morris prepared, assisted in preparing, and
12 filed numerous substantive pleadings including, without limitation, a response to EON's Motion
13 for leave to amend infringement contentions (Dkt. No. 796), a motion and reply for summary
14 judgment (Dkt. Nos. 924, 968), and an opposition to EON's motion for leave to file a sur-reply
15 opposing summary judgment (Dkt. No. 987). The effect of those activities, as well as the ancillary
16 and preparatory efforts surrounding the activities, led to summary judgment of non-infringement
17 for all claims asserted in this lawsuit.

    12.    Counsel for Cisco has met and conferred with EON's counsel concerning
Defendants' Motion for Attorneys' Fees and Sanctions, but were unable to reach a resolution of
any issues related to the Motion for Attorneys' Fees and Sanctions.

    I declare under penalty of perjury under the laws of the United States that the foregoing is
true and correct and that this declaration was executed this 28th day of May, 2014, at Atlanta,
Georgia.

                                            */s/ L. Norwood Jameson*
                                            L. Norwood Jameson

**DECLARATION OF L. NORWOOD JAMESON IN SUPPORT OF DEFENDANTS' MOTION FOR FEES**     Case No.: 3:12-CV-01011

7