UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EON CORP IP HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS INC, et al.,<br><br>Defendants. | Case No. 12-cv-01011-JST<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 1060 |

## I.  INTRODUCTION

Cisco Systems, Inc. ("Cisco"), Sprint Spectrum L.P. ("Sprint"), HTC America, Inc. ("HTC"), United States Cellular Corporation ("U.S. Cellular"), Motorola Mobility LLC, and Motorola Solutions, Inc. (collectively, "Motorola") (collectively, "Defendants"), prevailing defendants in this patent infringement action, move for an award of attorney's fees and sanctions in the form of expert witness expenses, pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and this Court's inherent authority.  The matter came for hearing on June 24, 2014.

## II.  BACKGROUND

### A.  Patent-in-Suit and Asserted Claims

Plaintiff EON Corp. IP Holdings ("EON") asserted that Defendants infringed upon United States Patent No. 5,592,491 ("the '491 Patent").

The '491 Patent includes system claims 1, 12, and 13, and method claims 5 and 17.  A systems claim includes structural elements; "unlike use of a system as a whole . . . [a] method or process consists of one or more operative steps."  NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1318 (Fed. Cir. 2005), cert. denied, 126 S. Ct. 1174 (2006).

The system claims read on a communication network.  Claim 1 contains, among others, the limitations of a "network hub switching center," '491 Patent 6:17, "subscriber units . . . including

switching means," id. 6:19-21, a "local base station repeater cell communicating with . . . subscriber units," id. 6:22-26, and a "modem . . . for transferring [signals] . . . if [] subscriber units are unable to directly communicate with said local base station repeater cell." Id. 6:57-64. Claim 12 contains, among others, limitations similar to the above in claim 1, except for the network hub switching center. Id. 8:11-35. Claim 13 contains, among others, limitations similar to the above in claim 1, but it does not explicitly recite the local base station repeater cell as a claimed element. Id. 8:36-54.

The claimed network functions as follows. When the subscriber units are able to directly communicate with the local base station repeater cell, they use that communication path ("Path A"). Id. 3:33-48. When the subscriber units cannot communicate through Path A, the switching means within the units transfer to communicate instead with the local base station repeater cell through the modem ("Path B"). Id. 3:49-48.

This feature is described in method claims 5 and 17. Claim 5 claims a method of communicating between a subscriber unit and a local base station repeater cell. The method includes the first steps of "determining whether a subscriber unit . . . is receiving a signal from said local base station repeater cell," id. 7:9-12. If it is, it transmits data through Path A, id. 7:13-26, and if not, it transmits data through Path B. Id. 7:27-43. Similarly, claim 17 claims a method of communicating between a subscriber unit and a network hub switching center. If the subscriber unit is receiving a signal from the local base station repeater cell, data is transmitted between the subscriber unit and the network hub switching center through Path A. Id. 9:5-12. If not, data is transmitted between the subscriber unit and the network hub switching center through Path B. Id. 9:13-29.

### B. Accused Products and Services

EON alleged that Defendants Sprint and U.S. Cellular directly infringed the '491 Patent by selling, offering to sell, making, and using the Sprint and U.S. Cellular Networks, respectively. EON's Patent Local Rule 3-1 and 3-2 Disclosures ("Infringement Contentions") 6:20-7:7, Exh. A

1  to Declaration of Byron R. Chin, ECF No. 928-4.[1] These networks are the wireless
2  communication networks offered to Sprint and U.S. Cellular subscribers. Id. The networks
3  provide access to wireless communication facilities, including cellular, LTE, and Wi-Fi facilities
4  and their related components. Id. In addition, EON alleges that Sprint and U.S. Cellular indirectly
5  infringe. Their subscribers allegedly directly infringe by using the networks, and Sprint and U.S.
6  Cellular contribute to this direct infringement by providing material components. Id. 9:19-10:17.
7  Sprint and U.S. Cellular also allegedly induce direct infringement by intentionally encouraging or
8  instructing subscribers to use the infringing networks. Id.

9      EON also claimed that Defendants HTC and Motorola indirectly infringe by selling,
10 offering to sell, making, using, and importing into the United States subscriber units that are
11 material components of the claimed invention. Id. 10:18-11:20. EON further alleges that
12 Defendant Cisco indirectly infringes by providing material components to mobile network
13 operators ("MNOs") who make, use, sell or offer to sell femtocell networks, and to end-users who
14 make and use femtocell networks. Exh. B to Declaration of John R. Gibson 13:17-14:2, ECF No.
15 924-8.[2] EON also alleges that Cisco induces indirect infringement by encouraging or instructing
16 MNOs and end-users to make, use, sell or offer to sell femtocell networks. Id.

17     Generally, EON had two theories of infringement. One is that Wi-Fi access points and
18 "mobile hotspots" function as the modems of the claimed invention. These networks, EON
19 argued, allow cell phones (allegedly equivalent to the claimed subscriber units) to establish Wi-Fi
20 connections (allegedly equivalent to Path B) if there is no connection with a cellular tower
21 (allegedly equivalent to Path A). The other theory was that femtocells, which are transceivers of
22 cellular signals, provide connections to cell phones (allegedly equivalent to Path B) if the cell
23 phones cannot establish connections to cellular towers.

---

[1] The infringement contentions operative against all Defendants but Cisco are dated July 24, 2012 and are filed with the Court as Exhibit A to the Chin Declaration, ECF No. 928-4. The document does not contain page numbers. The Court's pagination begins with page 1 as the title page on which the caption appears, which makes the page numbers one less than the Page Number on the ECF heading.

[2] The infringement contentions filed as Exhibit B to the Gibson Declaration, ECF No. 924-8, were made operative against Cisco by January 31, 2013 order of the Court, ECF No. 639.

United States District Court
Northern District of California

### C. Procedural History

EON filed this case in the Eastern District of Texas on October 22, 2010. Plaintiff EON Corp. IP Holdings, LLC's Original Complaint, Case No. 2:10-cv-00448-DF (E.D. Tex. Oct. 22, 2010), ECF No. 1.[3] In January 2012, the Texas Court granted Defendants' motion to transfer venue to this Court. Order granting Joint Motion to Transfer Venue to the Northern District of California, Case No. 2:10-cv-00448-DF (E.D. Tex. Jan. 9, 2012), ECF No. 277.

EON asserted that Defendants Sprint and U.S. Cellular directly and indirectly infringe the '491 Patent, and that the remaining defendants indirectly infringe. Joint Case Management Statement 2:15-23, ECF No. 650. The '491 Patent is a continuation-in-part of U.S. Patent No. 5,388,101 ("the 101 Patent"), which is incorporated by reference into the '491 Patent.

On May 10, 2013, the Court held a hearing for the purpose of construing disputed terms in the claims of the '491 Patent. ECF No. 711. At that hearing, the Court requested further briefing on issues regarding the invalidity of two of the claims of the patent. The parties provided that supplemental briefing on May 24, May 31, and, at Defendants' request, on July 3, 2013, at which point the Court took the matter under submission. ECF Nos. 722, 724, 728, & 746.

After consideration of the arguments and evidence presented by the parties, and the relevant portions of the record, the Court issued an order on July 8, 2013, construing the terms and determining that claims 1 and 13 were invalid. Order Construing and Determining Validity of Claims of United States Patent No. 5,592,491 ("First Cl. Constr. Order"), ECF No. 748, 2013 WL 3455631, 2013 U.S. Dist. LEXIS 95003 (N.D. Cal. July 8, 2013). The court held a case management conference on July 18, and issued an order setting a schedule leading up to trial. ECF No. 754. At Defendants' request, the court held a further case management conference on September 24, 2013, and set a deadline for EON to file any motion for leave to amend its infringement contentions. ECF Nos. 792, 782 & 784. EON filed a motion to amend its infringement contentions on October 4, 2013, which the court denied on November 9. Order Denying Motion to Amend Infringement Contentions ("Order Denying Motion to Amend"), 2013

---

[3] The complaint named numerous defendants. EON subsequently dismissed its claims against all defendants other than Cisco, Sprint, HTC, U.S. Cellular and Motorola.

WL 6001179, 2013 U.S. Dist. LEXIS 161274 (ECF No. 843).

EON also moved for leave to file a motion for reconsideration of various aspects of the Court's claim construction order. ECF No. 783. The Court granted EON leave only in part, ECF No. 873, and in February 2014, the Court granted EON's motion to reconsider the Court's invalidity determination and clarify its construction of the "modem communicatively coupled" term. Order Granting Motion for Reconsideration, ECF No. 965, 2014 WL 793323, 2014 U.S. Dist. LEXIS 24781 (N.D. Cal. Feb. 25, 2014). Neither of these constructions formed the basis of the Defendants' subsequent motion for summary judgment. The Court then issued a revised claim construction order in conformance with its order granting the motion for reconsideration. Revised Order Construing and Determining Validity of Claims of United States Patent No. 5,592,491 ("Rev. Cl. Constr. Order"), ECF No. 979, 2014 WL 938511, 2014 U.S. Dist. LEXIS 29746.

After discovery, Defendants moved for summary judgment of noninfringement. After a hearing on March 13, 2014, the court granted summary judgment of noninfringement to Defendants on all asserted claims. Order Granting Defendants' Motion for Noninfringement ("SJ Order"), __ F. Supp. 2d __, 2014 WL 1308743, 2014 U.S. Dist. LEXIS 45728. Judgment was entered in favor of all Defendants on April 24. ECF No. 1037.

At the time that judgment was entered, the U.S. Supreme Court had under submission two cases regarding the standard for attorney's fees in patent actions: Octane Fitness, LLC v. ICON Health & Fitness, Inc., __ U.S. __, 134 S.Ct. 1749, 1756 (2014) and Highmark Inc. v. Allcare Health Mgmt. Sys., __ U.S. __, 134 S.Ct. 1744, 1749 (2014). For this reason, the Court granted Defendants' request to extend the deadline to file a motion for attorney's fees. ECF No. 1034. After the Supreme Court issued its opinions in Octane and Highmark, Defendants filed the instant motion. Defendants' Motion for Attorney's Fees and Sanctions ("Mot."), ECF No. 1060.

Defendants seek to recover their attorneys' fees incurred since August 1, 2013, and an award of sanctions in the form of their expert witness expenses. Defendants seek this relief under 35 U.S.C. § 285, 28 U.S.C. § 1927, and this Court's inherent authority

**D.     Legal Standards**

Under what is commonly called the "American rule," a litigant's "attorney's fees are not

ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717, 87 S. Ct. 1404, 1406-07, 18 L. Ed. 2d 475 (1967); Donovan v. Burlington N., Inc., 781 F.2d 680, 682 (9th Cir. 1986). The American rule has been the prevailing norm at least since the Supreme Court announced it in 1796, Arcambel v. Wiseman, 3 Dall. 306, 1 L.Ed. 613 (1796), cited in Fleischman, supra, and it has been frequently restated since. Id. at 717-18 (citing cases). The reasons for the rule are that

> since litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel. Also, the time, expense, and difficulties of proof inherent in litigating the question of what constitutes reasonable attorney's fees would pose substantial burdens for judicial administration.

Id. at 718.

"The general 'American rule'" does not allow for fee-shifting by prevailing parties. Octane, 134 S.Ct. at 1758. Defendants invoke three exceptions to the "American rule."

### 1. Attorney's Fees under the Patent Act

The Patent Act provides that, in patent actions, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane, 134 S.Ct. at 1756. "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." Id. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. "Under the [Octane] standard, no bright-line rules define the parameters of what is exceptional, and no single element (such as baselessness or sanctionability) is dispositive." CreAgri, Inc. v. Pinnaclife, Inc., 11-CV-6635-LHK, 2014 WL 2508386 (N.D. Cal. June 3, 2014). "Because § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion." Highmark, 134 S.

Ct. at 1748.

####   2.    **Cost-Shifting Under 28 U.S.C. § 1927**

"An attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." In re Girardi, 611 F.3d 1027, 1061 (9th Cir. 2010). A "finding that the attorney recklessly or intentionally misled the court is sufficient to impose sanctions under § 1927, and a finding that the attorneys recklessly raised a frivolous argument which resulted in the multiplication of the proceedings is also sufficient to impose sanctions under § 1927." Id. (internal citations omitted). "[W]ith § 1927 as with other sanctions provisions, '[d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate.'" Haynes v. City & Cnty. of San Francisco, 688 F.3d 984, 987 (9th Cir. 2012) (quoting Trulis v. Barton, 107 F.3d 685, 694 (9th Cir.1995)). The Court of Appeals "review[s] for abuse of discretion . . . an imposition of sanctions under 28 U.S.C. § 1927." Braunstein v. Arizona Dep't of Transp., 683 F.3d 1177, 1184 (9th Cir. 2012).

####   3.    **Attorney's Fees under the Court's Inherent Authority**

"'[I]nherent' in the 'power [of] the courts'" is the authority to award attorney's fees "'when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Octane, 134 S. Ct. at 1758 (quoting Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-259 (1975); see also Chambers v. NASCO, Inc., 501 U.S. 32, 42 (1991). The Court of Appeals "review[s] a district court's exercise of its inherent powers for an abuse of discretion." Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 403-04 (9th Cir. 2010).

### E.    **Jurisdiction**

Since this is a "civil action arising under" an "Act of Congress relating to patents," this Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

## III. ANALYSIS

After Octane and Highmark, district courts enjoy considerable discretion to determine whether a patent case is "extraordinary" enough to warrant fee-shifting, and to determine what a "reasonable" award of fees might be. It is also clear that the Patent Act allows for fee-shifting in situations that do not otherwise qualify as sanctionable under § 1927 or the Court's inherent authority. See Octane, 134 S. Ct. at 1757 ("a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees"); see also id. at 1758 (holding that 35 U.S.C. § 285 must be interpreted such that it is not redundant of the court's inherent authority). With that said, application of the American Rule remains the well-established presumption even in patent cases, and this Court will not depart from it lightly.

Defendants argue that EON knew or should have known that Court's First Claim Construction Order was dispositive of all of EON's infringement theories. Therefore, Defendants argue that EON's decision to continue litigation in the district court rather than enter into a stipulated judgment and seek appeal to the Federal Circuit renders this an "exceptional" case. Defendants offer somewhat probative circumstantial evidence suggesting that EON's motive was only to delay the impact of the Court's order on its related litigation over this patent in other districts.

EON's post-claim construction activity in this case is in many ways difficult to explain. EON delayed significantly after claim construction, claiming it needed to re-assess its infringement allegations, and then filed a set of proposed amendments to its contentions that served little purpose and could not have taken three months to prepare. See Order Denying Motion to Amend"), 2013 WL 6001179, 2013 U.S. Dist. LEXIS 161274. While EON sought the Court's reconsideration of aspects of its First Claim Construction Order, EON did not urge the Court to reconsider its construction of the "transferrring . . . if" term. Defendants prevailed in demonstrating that, under the Court's constructions of those terms, Defendants were entitled to summary judgment of noninfringement. And one of the arguments EON brought in its motion for reconsideration actually vitiated the one of its primary infringement theories. SJ Order, 2014 WL

8

1308743, at *5-6, 2014 U.S. Dist. LEXIS 45728, 24-27.

For reasons explained in the SJ Order, the Court agrees that EON's infringement contentions lack merit. But that by itself is not enough to render a case "extraordinary." Patent litigants often disagree about whether a plaintiff has viable infringement contentions after an adverse claim construction, and one side is usually wrong. Defendants argue that EON's post-claim construction infringement argument -- that cellphone users themselves are part of the claimed system for transferring -- is one that no reasonable patentee would pursue. Obviously, the Court rejected it. The argument is, in the Court's view, quite stretched, such that few patentees would pursue it. But the Court cannot quite conclude that *no* reasonable patentee could see an opening in the Court's claim construction order through which the argument could be squeezed. The Court believes, as it said in the SJ Order, that "it should have been plain enough from the surrounding context and the Court's actual construction that intentional user intervention is not part of the claimed system." 2014 WL 1308743, at *5, 2014 U.S. Dist. LEXIS 45728, 23-24. But the claim construction order did include some language that EON could have read otherwise. See First Cl. Constr. Order, 2013 WL 3455631, at *16, 2013 U.S. Dist. LEXIS 95003, 63 ("a user could still respond to an inability to communicate without falling outside of the scope of the claim").

Moreover, EON achieved favorable results in other litigation over the '491 Patent even after the courts in those cases construed the "transferring . . . if" terms the same way this Court did. While Defendants point out valid distinctions between those cases and this one, this fact makes it difficult for the Court to conclude that it was "extraordinary" for EON to continue to pursue its infringement allegations after claim construction.

This presents a very close case. But the court cannot conclude that Defendants have established that this is the sort of "extraordinary" case requiring fee-shifting under the Patent Act. After considering the totality of the circumstances, the Court will exercise its discretion not to award attorney's fees under to 35 U.S.C. § 285.

Since Defendants have not demonstrated that they have satisfied the lower bar for sanctions under the Patent Act, the Court also concludes that Defendants have not met the

1  considerably higher bar for sanctions under either 28 U.S.C. § 1927 or the Court's inherent
2  authority.
3      Defendants' motion is denied.
4      **IT IS SO ORDERED.**
5  Dated:  July 25, 2014

                                                                          _____
                                                                          JON S. TIGAR
                                                                          United States District Judge